**In re Warren L. CASLAVKA, Debtor.**

**Bankruptcy No. 93–10188LC.**

United States Bankruptcy Court, N.D. Iowa.

Feb. 24, 1995.

Joseph A. Peiffer, Cedar Rapids, IA, for debtor.

Morris L. Eckhart, Milroy and Eckhart, Vinton, IA, for Creditor Terra Intern., Inc.

Harry R. Terpstra, Trustee, Cedar Rapids, IA.

### ORDER

PAUL J. KILBURG, Bankruptcy Judge.

On November 7, 1994, the above-captioned matter came on for trial pursuant to assignment. Attorney Joe Peiffer represented Debtor Warren Caslavka. Attorney Morris Eckhart represented Creditor Terra International, Inc. Harry Terpstra appeared as Trustee. The matters before the Court are: (1) Terra International's Objections to Statement of Intention, Statement of Affairs, Summary of Schedules and Schedules A–J; and (2) Trustee's Objections to Property Claimed Exempt by Debtor. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A, B).

### STATEMENT OF THE CASE

Debtor claims three annuities exempt under Iowa Code sec. 627.6(8)(e). The parties' Joint Pretrial Statement narrows the objections by Terra International and Trustee to whether these annuities are exempt under that statute. Additionally, Debtor claims that the annuities are excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2).

Debtor is 73 years old and has health problems. He retired from his family-operated business, Cas Feed Store, Inc., in June 1986 at age 64. From that time until September 1990, Debtor received monthly payments from the Cas Feed Store, Inc. Profit Sharing Plan and Trust which was an ERISA-qualified plan. He had made contributions to the Plan as well as to a predecessor Pension Plan since 1971. In the fall of 1990 at age 69, Debtor purchased three annuities ("Annuities") which qualify as Individual Retirement Annuities under 26 U.S.C. § 408(b).

Debtor sold his business to his son upon retirement. Serious issues of mismanagement and wasting of business assets soon arose. Debtor ultimately decided to rollover the funds from the Profit Sharing Plan and Trust because of concerns that the Plan would be involuntarily terminated by his son, Lon Caslavka, and the funds used for other purposes. To preserve his only source of retirement revenue, Debtor terminated his interest in the Profit Sharing Plan in the fall of 1990. The funds were rolled over to these Annuities by a check from the Plan endorsed by the Plan Trustee, Lon Caslavka, for deposit directly to Jackson National Life which issued the Annuities to Debtor. The Plan was formally terminated by corporate resolution on June 26, 1991 to be effective September 30, 1991.

None of Debtor's three Annuities states that they are payable on account of illness, disability, death, age or length of service. Debtor's right to receive payments under the Annuities does not depend on his reaching any specified age. He was already retirement age and receiving retirement payments from the Profit Sharing Plan when he purchased the Annuities. Debtor began receiving payments from two of the Annuities when he was 69 and from the third when he was 70 years old. One of the Annuities provided for immediate payments. The other two provided various payment options and rights of withdrawals. Debtor has selected a payment option under each of the Annuities. The amounts of annuity payments from two of the Annuities are based in part on Debtor's age and gender.

### ISSUES

Debtor argues that the Annuities are exempt under Iowa Code sec. 627.6(8)(e). In

the alternative, Debtor claims that the Annuities are not property of the estate pursuant to 11 U.S.C. § 541(c)(2). Terra International and Trustee assert that Debtor's unrestricted access to the Annuities makes them nonexempt and includable as property of the estate.

### PROPERTY OF THE ESTATE, § 541(c)(2)

Before addressing the exemption issue, the Court must determine whether the property in dispute is property of the bankruptcy estate. Property of the debtor's estate is broadly defined in § .541 to include all the debtor's interests in property. However, § 541(c)(2) makes the following exception:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The U.S. Supreme Court holds that a debtor's interest in an ERISA-qualified pension plan may be excluded from property of the bankruptcy estate pursuant to § 541(c)(2). *Patterson v. Shumate*, 504 U.S. 753, 764–66, 112 S.Ct. 2242, 2250, 119 L.Ed.2d 519 (1992). The Court found that the plain language of § 541(c)(2) requires the conclusion that "applicable nonbankruptcy law" refers not only to state spendthrift law but also to ERISA requirements. *Id.* at 757–58, 112 S.Ct. at 2246. Both ERISA and coordinate sections of the Internal Revenue Code (29 U.S.C. § 1056(d)(1) and 26 U.S.C. § 401(a)(13), respectively) impose restrictions on the transfer of a debtor's interest in a qualified plan. These restrictions are "enforceable" as required by § 541(c)(2). *See In re Kunkle*, No. 93–60077LW, slip op. at 4, 1993 WL 767974 (Bankr.N.D. Iowa June 4, 1993).

■ It is probable that the ERISA-qualified Profit Sharing Plan which was the source of the funds deposited in Debtor's Annuities would have been excludable under § 541(c)(2). As noted above, these Annuities qualify as IRAs. However, IRAs have no enforceable restrictions under any nonbankruptcy law. *Velis v. Kardanis*, 949 F.2d 78, 82 (3d Cir.1991). Therefore, IRAs are includable as property of the estate under

§ 541(c). *Id.* Once a debtor gains unrestricted access to funds in an ERISA-qualified plan, such funds do not qualify as a spendthrift trust under § 541(c)(2) and thus are not excludable from the estate. *In re Reid*, 139 B.R. 19, 21 (Bankr.S.D.Cal.1992) (debtor had unrestricted access to ERISA plan funds through prepetition termination of employment).

This Court concludes that Debtor's Annuities are includable as property of his bankruptcy estate. They contain no restrictions on transfer and are not subject to ERISA requirements. *See Patterson*, 504 U.S. at 762–64, 112 S.Ct. at 2249. When Debtor gained unrestricted access to the Profit Sharing Plan funds, they lost their status as ERISA-qualified such that § 541(c)(2) no longer applies.

### EXEMPT AS PAYMENT "ON ACCOUNT OF AGE", SEC. 627.6(8)(e)

Debtor argues that even if the Annuities are property of the estate, they are exempt under Iowa Code sec. 627.6(8)(e). That section provides that a debtor may hold exempt from execution rights in:

> A payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service. . . .

The Court must determine whether the Annuities are exempt regardless of their being funded by the Profit Sharing Plan. If the answer is no, the Court must determine whether the Annuities are exempt because they were funded by the Plan. That inquiry requires consideration of whether the lump sum distribution from the Plan was exempt and, if so, whether the proceeds of that lump sum in the Annuities are now exempt.

■ These determinations are made with a view toward the general rule that courts should construe exemption statutes liberally in favor of the debtor in light of the purposes of the exemption. *In re Wallerstedt*, 930 F.2d 630, 631 (8th Cir.1991); *Chariton Feed & Grain, Inc. v. Kinser*, 794 F.2d 1329, 1331 (8th Cir.1986) (applying Iowa law); *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). The exemption of payments under a pension or similar plan is intended to

protect payments which function as wage substitutes after retirement, to support the basic requirements of life at a time when the debtor's earning capacity is limited. *In re Pettit*, 55 B.R. 394, 398 (Bankr.S.D.Iowa), *aff'd*, 57 B.R. 362 (S.D.Iowa 1985).

The Eighth Circuit Court of Appeals has addressed the applicability of Iowa Code sec. 627.6(8)(e) to IRAs. In *In re Huebner*, 986 F.2d 1222, 1225 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993), the court stated that the debtor's present right to receive payments from an IRA annuity did not depend on "illness, disability, death, age, or length of service." The court agreed with the District Court's conclusion that the debtor's access to and complete control over the timing of the annuity payments mean that the payments are not "on account of" age or length of service. *Id.* Therefore, the court held that the IRAs were not exempt. *Id.*

Mr. Huebner was 64 when he filed for bankruptcy and intended to begin receiving monthly payments when he turned 65. *Id.* at 1224. The court stated: "No payments have been made under Huebner's annuity contracts; rather, he is seeking to exempt the entire annuity corpus from which future payments will be made." *Id.* Mr. Huebner had personally purchased the IRAs several years prior to filing for bankruptcy. *In re Huebner*, 141 B.R. 405, 406 (N.D.Iowa 1992), *aff'd*, 986 F.2d 1222 (8th Cir.1993). Except for tax penalties for withdrawals prior to age 59½, Mr. Huebner had unrestricted access to the IRA funds. *Huebner*, 986 F.2d at 1225. The court stated that the IRA was essentially a bank savings account with favorable tax treatment. *Id.*

This Court in *In re Matthews*, 65 B.R. 24 (Bankr.N.D.Iowa 1986) (Melloy, J.), and *In re Eggink*, No. X89–01622S (Bankr.N.D.Iowa Jan. 30, 1990) (Edmonds, J.), also held that IRAs are not exempt under sec. 627.6(8)(e). The Court focused on the amount of control the debtor had over the annuity and whether access to the funds was restricted as to age, length of service, etc. *Matthews*, 65 B.R. at 26; *Eggink*, slip op. at 5. Both the debtors in these cases were under age 59½ and were not yet receiving payments. In *Matthews*,

Judge Melloy specifically refrained from deciding whether a debtor over the age of 59½ would be entitled to claim IRAs exempt. *Matthews*, 65 B.R. at 26 n. 1.

Thus, IRAs are generally not exempt in Iowa under sec. 627.6(8)(e). However, the circumstances of this case require further inquiry. The features which distinguish this case from *Huebner* are that Debtor purchased his IRA Annuities 1) after he began receiving pension plan payments upon his retirement and 2) with funds rolled over from the ERISA-qualified Profit Sharing Plan. Thus, the payments he now receives are directly traceable to a pension or similar plan payable on account of age or length of service. The IRAs in *Huebner* were not similarly funded by an ERISA-qualified plan disbursement after retirement.

In order for the Annuities to be exempt, the lump sum distribution from the Profit Sharing Plan, which Debtor rolled over into these Annuities, must be determined to be exempt. Debtor was already receiving monthly payments from the Plan at the time he rolled over the funds to the Annuities in contemplation of termination of the Plan. It is undisputed that Debtor was receiving these monthly payments on account of age. The monthly payments were exempt under the language of sec. 627.6(8)(e) which exempts "rights in [a] payment or portion of a payment under a pension, annuity, or similar plan ... on account of ... age." The parties do not dispute that the ERISA-qualified Profit Sharing Plan is a "pension, annuity or similar plan" under the statute. *See In re Flygstad*, 56 B.R. 884, 888 (Bankr.N.D.Iowa 1986) (holding that profit sharing plan was "pension or similar plan" under the statute).

A significant but unresolved issue is whether lump sum distributions should be characterized as a "payment or portion of a payment" under a Plan "on account of age". In *Patterson*, the U.S. Supreme Court noted that a dispute exists regarding whether § 522(d)(10)(E), the Federal exemption for pension payments, applies only to "distributions from a pension plan that a debtor has an immediate and present right to receive, or to the entire undistributed corpus of the pension trust." 504 U.S. at 763 n. 5, 112

S.Ct. at 2249 n. 5. The Court refused to express an opinion on the issue. *Id.* The Federal statute exempts:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . .

11 U.S.C. § 522(d)(10)(E).

The Eighth Circuit has stated that sec. 627.6(8)(e) is limited to " 'rights in' an annuity *payment*". *Huebner,* 986 F.2d at 224 (emphasis in original). It held that Iowa has no statute granting an exemption for all or any part of the undistributed corpus of an annuity contract. However, Iowa courts have held that sec. 627.6(8)(e) applies to all assets of the plan, not just to a present payment due. *In re Pettit,* 57 B.R. 362, 363 (S.D.Iowa 1985). In determining the applicability of sec. 627.6(8)(e) to a privately-purchased annuity, one court has noted that, like the Iowa insurance exemption, the statute does not say the pension payment exemption is contingent on an absence of a right to accept a surrender value. *In re Lilienthal,* 72 B.R. 277, 279 (S.D.Iowa 1987).

These cases can be reconciled with *Huebner* and *Matthews* which focused on the "on account of age" requirement of sec. 627.6(8)(e). Lump sum distributions from a pension plan which are not "on account of age", such as those made on termination of employment or termination of the plan prior to the time the debtor reaches retirement age, are not exempt under the statute. However, lump sum distributions upon retirement are payments on account of age the same as monthly payments upon retirement.

Cases which have considered whether lump sum distributions can be exempt under various exemption statutes tend to focus on the statutory language. As noted, the Federal statute exempts "rights to receive a payment" under a plan. This language does not allow exemption of an IRA funded by the rollover of funds from an exempt pension plan after termination of the plan according to *In re Cesare,* 170 B.R. 37, 39 (Bankr.

D.Conn.1994). The court concluded that after the debtor receives the payment, the exemption is lost. *Id.; In re Chapman,* 177 B.R. 161, 162 (Bankr.D.Conn.1994). *In re Summers,* 108 B.R. 200, 202 (Bankr.S.D.Ill. 1989), stated that under § 522(d)(10)(E), there must be a "payment". It is the payment that is exempt, not the entire asset. *Id.; In re Wilson,* 54 B.R. 796, 798 (Bankr. E.D.Mo.1985) (holding that neither Federal nor Illinois statute permits exemption of debtor's entire interest in lump sum distribution). Once the debtor receives an ownership interest in the pension assets, the debtor no longer has a right to receive payment under the plan. *In re McGoy,* 86 B.R. 174, 176 (Bankr.E.D.Mo.1988).

However, the court in *In re Donaghy,* 11 B.R. 677, 680 (Bankr.S.D.N.Y.1981), allowed the debtor to exempt a lump sum distribution received upon retirement under the Federal statute. It held that the benefits constituted an identifiable sum which is a tangible reflection of the debtor's right to receive payments under a pension plan within the language and spirit of the statute. *Id.* While some cases have attempted to limit *Donaghy,* of all these cases *(Cesare, Chapman, Summers, McGoy, Wilson* and *Donaghy* ), the only debtor who had already reached retirement age at the time of the lump sum distribution was the debtor in *Donaghy.* The other lump sum distributions were made because of termination of employment or termination of the pension plan.

Other courts have construed other state exemption statutes to find a right to exempt a lump sum payment from a pension plan. The Wisconsin statute exempts a debtor's interest in a pension plan and "any pension or other benefit" derived from the plan. *In re Woods,* 59 B.R. 221, 225 (Bankr.W.D.Wis. 1986). *Woods* held that the lump sum payment on termination of debtor's employment was exempt as "other benefit" under the statute. *Id.* In *In re Solomon,* 166 B.R. 832, 838 (Bankr.D.Md.), *aff'd,* 173 B.R. 325 (D.Md.1994), the court held that a lump sum payment from a pension plan, which the debtor had rolled over into an IRA, was exempt under the Maryland statute which

exempts "any interest" in a qualified retirement plan.

An IRA funded from a rollover from a pension plan account at age 55 was held exempt under the South Carolina exemption. *In re Sopkin*, 57 B.R. 43, 47 (Bankr.D.S.C. 1985). Like the Federal statute, the state statute exempted the "right to receive a payment" under the plan. *Id.* at 45. The court allowed the exemption because the debtor was more than 59½ years old and had the right to receive payments under the IRA. *Id.* at 47. As noted in *Huebner*, other states such as Tennessee and California exempt or refuse to exempt lump sum distributions based on specific language in their exemption statutes. *Huebner*, 986 F.2d at 1224 n. 5.

These cases teach that the result is often dependent on the language of the statute. Iowa's statute exempts a debtor's "rights in [a] payment or portion of a payment" under a pension or similar plan on account of age or length of service. This Court could find no other exemption statute which uses the language "payment or portion of a payment". *Black's Law Dictionary* defines "payment" separately from "part payment". Payment is "[the] fulfilment of a promise or the performance of an agreement." *Black's Law Dictionary* 1129 (6th ed. 1990).

> In a more restricted legal sense payment is the performance of a duty, promise, or obligation, or discharge of a debt or liability, by the delivery of money or other value by a debtor to a creditor, where the money or other valuable thing is tendered and accepted as extinguishing debt or obligation in whole or in part.

*Id.* "Part payment" is separately defined as "[t]he reduction of any debt or demand by the payment of a sum less than the whole amount originally due."

Using these definitions, the use of "payment" first in sec. 627.6(8)(e) can appropriately be construed to mean the discharge of an obligation in its entirety. The use of the term "portion of a payment" therefore means discharge of an obligation in part. The addition of the language "or portion of a payment" is critical to the statutory analysis because it strongly implies that the first reference to "payment" authorizes complete

payment from the pension plan if the other conditions are satisfied. In that regard, the Court recognizes that "on account of age" modifies both "payment" and "portion of a payment". Giving a plain language meaning to the foregoing definitions, the statute is properly construed to mean that the debtor may exempt complete or partial payments from the pension plan which are made on account of age.

Debtor's Exhibit M is the original ERISA-qualified Profit Sharing Plan agreement. Section 6.5(b) allows Debtor to elect between receiving monthly or other periodic payments or a lump sum payment on retirement. Section 8.2 states that upon termination of the Plan by the employer, complete distribution of the assets shall be made in a manner consistent with Section 6.5.

The Iowa statute is distinguishable from the Federal statute on its language. Furthermore, the cases which refuse to exempt lump sum distributions under the Federal statute generally are based on distributions made pre-retirement rather than post-retirement. This is not a case where a debtor is attempting to protect the undistributed corpus of a pension plan in order to receive future payments for which the debtor is not yet eligible. *See Huebner*, 986 F.2d at 1224.

Case law mandates that sec. 627.6(8)(e) be construed liberally to protect Debtor's rights in pension payments as wage substitutes necessary now after retirement when his earning capacity is limited. The language of the statute contains no restrictions against lump sum distributions after retirement. It is not uncommon that qualified pension plans would contain a right to elect a lump sum distribution. *See Whetzal v. Alderson*, 32 F.3d 1302, 1304 (8th Cir.1994) (holding that option to withdraw lump sum in Civil Service Retirement plan with enforceable restrictions on transfer did not disqualify fund from being excluded from property of estate under § 541(c)(2)).

This Court concludes that the lump sum distribution from the Profit Sharing Plan constitutes a "payment on account of age" within sec. 627.6(8)(e). The statute does not specifically exclude lump sum payment on

retirement from its coverage. This construction of the statute promotes the purpose of the statute to protect pension payments as necessary wage substitutes after retirement.

Having determined that the lump sum payment from the Plan in 1990 was exempt, the Court must now consider the duration and time period for which the proceeds of that exempt property continues to retain exempt status. The Bankruptcy Court for the Northern District of Iowa has considered whether the proceeds of a debtor's exempt tax refund check continue to be exempt after deposit in the debtor's bank account. *In re Thompson*, No. 93–51364XS, slip op. at 2, 1993 WL 767973 (Bankr.N.D.Iowa Dec. 9, 1993). The court stated that the purpose of the exemption would be defeated unless the tax refund could be converted to cash. *Id.* at 4. The court held that tax refunds traceable to bank accounts retain their exempt character. *Id.* This analysis is based upon the application of existing Iowa law. The Iowa Supreme Court holds that exempt wages retain their exempt character after deposit in a bank account. *MidAmerica Savs. Bank v. Miehe*, 438 N.W.2d 837, 839 (Iowa 1989). The Iowa court reasoned that the protection afforded by the exemption would be rendered meaningless if exempt status is lost by negotiating the paycheck. *Id.* Likewise, proceeds from the sale of an exempt homestead retain exempt status for a reasonable period of time. *In re Ersepke*, No. L–92–00541D, slip op. at 4, 1993 WL 767975 (Bankr.N.D.Iowa Nov. 30, 1993); Iowa Code § 561.20.

Whether exempt pension plan funds retained their exempt status after rollover to an IRA was a·critical issue in *In re Woods*, 59 B.R. 221, 225 (Bankr.W.D.Wis.1986). The court considered whether statutory intent would be thwarted if the exemption did not continue in proceeds of exempt property. *Id.* The Court concluded that a debtor cannot in practicality keep a lump sum in cash and, therefore, held that traceable exempt funds remain exempt in the IRA. *Id.*

This Court concludes that Debtor's exempt lump sum payment from the Profit Sharing Plan retained its exempt status after rollover into the three Annuities. This holding promotes the purpose of the statute which is to protect pension plan payments after retirement. In this case, termination of the Plan forced Debtor to receive and reinvest his lump sum pension payment after retirement. All the proceeds of the distribution were transferred directly to the vendor of the Annuities and the proceeds, therefore, are directly traceable to the three Annuities. Debtor continues to receive periodic payments from these Annuities on account of his age and retirement. This Court must conclude that the payments made under the Annuities are exempt under sec. 627.6(8)(e).

At the time of filing his bankruptcy petition, Debtor had chosen to receive periodic payments from each of the Annuities. Thus, under the annuity contracts, Debtor no longer had the right to control or receive any undistributed corpus. Debtor receives monthly or quarterly payments from the Annuities. He purchased the Annuities from the funds he received from the lump sum distribution from the Profit Sharing Plan. He received the lump sum distribution after retirement when he was receiving monthly payments from the Plan on account of his age. The payments debtor receives from the Annuities are exempt as proceeds of the exempt lump sum distribution from the Plan.

**WHEREFORE,** Terra International's Objections to Statement of Intention, Statement of Affairs, Summary of Schedules and Schedules A–J is OVERRULED.

**FURTHER,** the Trustee's Objections to Property Claimed Exempt by Debtor is OVERRULED.

**FURTHER,** Debtor is entitled to claim an exemption under sec. 627.6(8)(e) for payments received under the three Annuities listed on Joint Exhibit A.

**SO ORDERED.**