United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3070
_____

In re: Burma Jean Martin,    *

                 *

      Debtor,       *

                 *

----------------------    *

                 *

Burma Jean Martin,    * Appeal from the United States

                 * District Court for the

      Appellant,       * Eastern District of Arkansas.

                 *

      v.           *

                 *

Richard L. Cox, Trustee,    *

                 *

      Appellee.       *

_____

Submitted: February 6, 1998
Filed: April 10, 1998
_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.
_____

BOWMAN, Circuit Judge.

Burma Jean Martin appeals from the District Court's order affirming the Bankruptcy Court's order denying her a "wild card" exemption under 11 U.S.C. § 522(d)(5) (1994) for her claimed interest in two lawsuits. Because we conclude the

Bankruptcy Court incorrectly interpreted section 522(d)(5), we reverse and remand for further proceedings.

Martin filed a Chapter 7 bankruptcy petition, and in July 1996, she filed amended exemptions. As relevant to this appeal, Martin claimed exemptions under section 522(d)(5) for $1,000 and for her interest in two lawsuits. Section 522(d)(5) provides that a debtor may exempt her "aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection." Section 522(d)(1) provides that a debtor may exempt her interest--up to $15,000--in property that the debtor uses as a residence.

The trustee objected to these exemptions, and the Bankruptcy Court sustained the objections in part. Concluding that section 522(d)(5) permitted only an $800 exemption, the Court sustained the trustee's objection to $200 of the $1,000 claimed exemption, and sustained his objection entirely to the claimed exemption for two lawsuits. The Bankruptcy Court denied Martin's subsequent motion for reconsideration, stating that because Martin "has no homestead exemption, there is no 'unused portion' to use as an exemption." Martin then appealed to the District Court, which affirmed, stating that the Bankruptcy Court correctly ruled a debtor must first use part of the homestead exemption under section 522(d)(1) before being eligible for the $7,500 exemption under section 522(d)(5).

This Court reviews de novo the Bankruptcy Court's legal conclusions, and reviews for clear error its findings of fact. See Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997). "Reversal is appropriate if the Bankruptcy Court misunderstood or misapplied the law." Id. The Bankruptcy Court's interpretation of the statute is a question of law, and when interpreting a statute, this Court looks to its express language and overall purpose. See Graven v. Fink (In re Graven), 936 F.2d 378, 384-85 (8th Cir. 1991).

The legislative notes to section 522 state that the section 522(d)(5) wild card exemption allows the exemption of an unused amount of the homestead exemption "in order not to discriminate against the nonhomeowner."  11 U.S.C.A. § 522 (1993) (historical and statutory notes, including H.R. Rep. 95-595).  Based upon the language of section 522 and its legislative history, we conclude the Bankruptcy Court incorrectly ruled a debtor must first take a homestead exemption in order to exempt up to $7,500 of the unused amount of the homestead exemption under the wild card provision.  See In re Smith, 640 F.2d 888, 891 (7th Cir. 1981) (stating § 522(d)(5) exemption was intended to eliminate discrimination between homeowners and nonhomeowners in achieving goal of having debtor emerge from bankruptcy with adequate possessions), In re Patterson, 825 F.2d 1140, 1147-48 (7th Cir. 1987) (allowing Chapter 7 debtors, who were nonhomeowners, to include entire homestead exemption in wild card exemption).

The trustee argues that Martin's claimed wild card exemption properly may be denied because Martin engaged in misconduct and acted with bad faith.  Any determination of Martin's misconduct or bad faith must be made in the first instance by the Bankruptcy Court.  We note that, before the Bankruptcy Court, the trustee urged misconduct and bad faith as grounds for opposing some of Martin's claimed exemptions, and, at that time, the Court found there was insufficient evidence to support a determination of bad faith.

The judgment of the District Court is reversed and the case is remanded with instructions to remand to the Bankruptcy Court for a determination of whether Martin has an interest in the lawsuits and is entitled to a wild card exemption for them, in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-