**In re Jon Arthur KEMMERER Elaine Marie Kemmerer, Debtors.**

**Bankruptcy No. 99–01453–C.**

United States Bankruptcy Court, N.D. Iowa.

Feb. 8, 2000.

Joseph Peiffer, Cedar Rapids, IA, for Debtors.

Eric Lam, Cedar Rapids, IA, for trustee.

Wesley Huisinga, Cedar Rapids, IA, Chapter 7 Trustee.

## ORDER RE TRUSTEE'S OBJECTION TO EXEMPTIONS

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on December 21, 1999 on Trustee's Objection to Exemptions. Debtors Jon and Elaine Kemmerer were represented by Attorney Joseph Peiffer. Eric Lam represented Chapter 7 Trustee Wesley B. Huisinga. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Debtors claim an individual retirement annuity exempt under Iowa Code sec. 627.6(8)(f) (1999). This annuity was established by a rollover from a 401(k) pension plan. Trustee objects to the exemption.

### FINDINGS OF FACT

The parties filed a Fact Stipulation on October 18, 1999. At trial, they agreed the Stipulation remains effective except for paragraph 17, which is completely deleted. Based on the Stipulation and evidence received at trial, the Court makes the following findings of fact.

Debtors filed their Chapter 7 petition on June 2, 1999. Debtor Jon Kemmerer was employed by Midland Press Corp. approximately five years from October 1992 through July 1996. After he terminated his employment with Midland Press, he transferred the balance from his Midland Press 401(k) pension plan into an Equi-

Select individual retirement annuity, number I466982–OP. The amount of the transfer was $16,426.91. This amount consists of $12,683.73 in contributions from Mr. Kemmerer and his employer with the remainder constituting earnings. On the date of the petition, the annuity value was $21,027.82. After Mr. Kemmerer left his employment with Midland Press, he was self-employed for a time.

The Midland Press pension plan is an ERISA-qualified plan under 26 U.S.C. § 401(k). The Equi–Select annuity is an "individual retirement annuity" under 26 U.S.C. § 408(b). The transfer from the Midland Press pension plan to Equitable of Iowa was a trustee to custodian transfer to avoid negative tax consequences. The funds retain their status as "tax-qualified funds" under the Internal Revenue Code. Mr. Kemmerer may cash out the Equi–Select annuity at any time subject to taxes and a penalty for early withdrawal. On the petition date, Mr. Kemmerer was 54 years old and employed by Harvest Media.

### IOWA CODE § 627.6(8)

The Iowa legislature has recently amended sec. 627.6(8). The statute in effect prior to May 17, 1999 read as follows:

*627.6. General exemptions*

A debtor who is a resident of this state may hold exempt from execution the following property:

. . .

8. The debtor's rights in:

. . .

e. A payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, unless the payment or a portion of the payment results from contributions to the plan or contract by the debtor within one year prior to the filing of a bankruptcy petition, which contributions are above the normal and customary contributions under the plan or contract, in which case the portion of the payment attributable to the contributions above the normal and customary rate is not exempt.

Iowa Code § 627.6(8). In 1999, the Iowa General Assembly amended section 627.6(8) by adding the following new paragraph:

NEW PARAGRAPH. f. Contributions and assets, including the accumulated earnings and market increases in value, in any of the plans or contracts as follows:

(1) Transfers from a retirement plan qualified under the Employee Retirement Income Security Act of 1974 (ERISA), as codified at 29 U.S.C. § 1001 et seq., to another ERISA-qualified plan or to another pension or retirement plan authorized under federal law, as described in subparagraph (3).

(2) Retirement plans established pursuant to qualified domestic relations orders, as defined in 26 U.S.C. § 414. However, nothing in this section shall be construed as making any retirement plan exempt from the claims of the beneficiary of a qualified domestic relations order or from claims for child support or alimony.

(3) For simplified employee pension plans, self-employed pension plans, Keogh plans (also known as H.R. 10 plans), individual retirement accounts, Roth individual retirement accounts, savings incentive matched plans for employees, salary reduction simplified employee pension plans (also known as SARSEPs), and similar plans for retirement investments authorized in the future under federal law, the exemption for contributions shall not exceed, for each tax year of contributions, the actual amount of the contribution or two thousand dollars, whichever is less. The exemption for accumulated earnings and market increases in value of plans under this subparagraph shall be limited to an amount determined by multiplying all the accumulated earnings and market increases in value by a fraction, the

numerator of which is the total amount of exempt contributions as determined by this subparagraph, and the denominator of which is the total of exempt and nonexempt contributions to the plan.

For purposes of this paragraph "f", "market increases in value" shall include, but shall not be limited to, dividends, stock splits, interest, and appreciation. "Contributions" means contributions by the debtor and by the debtor's employer.

1999 Iowa Acts, Ch. 131, § 2, pp. 270–71. The General Assembly further stated:

EFFECTIVE DATE AND APPLICABILITY. This Act, being deemed of immediate importance, takes effect upon enactment, and shall apply to all claims of exemption under this section made on or after the day of enactment.

Approved May 17, 1999.

*Id.* § 3, p. 271.

## STATUTORY CONSTRUCTION

 When interpreting statutory language, the Iowa courts apply recognized rules of statutory construction to give effect to legislative intent. *In re Eilbert*, 162 F.3d 523, 527 (8th Cir.1998). In construing statutes, the courts search for the legislature's intent as evidenced by what the legislature said, rather than what it might have said. *State v. Guzman–Juarez*, 591 N.W.2d 1, 2 (Iowa 1999). When the text of a statute is plain and its meaning is clear, the court should not search for a meaning beyond the express terms of the statute. *Id.* When a statute is ambiguous, the court may resort to rules of statutory interpretation to determine the intent of the legislature. *State v. Westeen*, 591 N.W.2d 203, 208 (Iowa 1999). Ambiguity exists if reasonable minds may differ or be uncertain as to the meaning of the statute. *In re Interest of G.J.A.*, 547 N.W.2d 3, 6 (Iowa 1996).

 In applying rules of statutory interpretation to ambiguous statutes, "[s]ome specific matters that may be considered include (1) the object sought to be attained by the legislature, and (2) the circumstances under which the statute was enacted." *Id.*, Iowa Code § 4.6. Other rules of statutory construction require courts to consider legislative history and the consequences of a particular construction. *In re Marriage of Hutchinson*, 588 N.W.2d 442, 448 (Iowa 1999).

 Exemption laws in Iowa are to be liberally construed to allow debtors and their families assurance that necessary living expenses can be covered. *Eilbert*, 162 F.3d at 526; *Allison–Bristow Community Sch. Dist. v. Iowa Civil Rights Comm'n*, 461 N.W.2d 456, 458 (Iowa 1990). The Court's determinations are made in light of the purposes of the specific exemption. *In re Caslavka*, 179 B.R. 141, 143 (Bankr. N.D.Iowa 1995). The exemption of a pension or similar plan is intended to protect payments which function as wage substitutes after retirement, to support the basic requirements of life at a time when the debtor's earning capacity is limited. *Id.* at 144.

## ISSUES AND ARGUMENTS

Trustee asserts arguments under three alternative theories. First, he argues the Equi–Select annuity is not within the scope of section 627.6(8)(f). Second, if the annuity qualifies as exempt under the Iowa Code, Trustee argues the exemption is limited in value to $2,000. Finally, Trustee asserts if the value is not limited to $2,000, it is nevertheless limited to $2,000, plus related earnings, for each year Mr. Kemmerer made contributions to the Midland Press 401(k) plan.

Debtors argue the Equi–Select annuity fits within the types of plans or contracts which are exempt under sec. 627.6(8)(f). They argue that the $2,000 limitation in sec. 627.6(8)(f)(3) does not apply to this rollover and the entire balance in the annuity is exempt.

## INDIVIDUAL RETIREMENT ACCOUNT VS. INDIVIDUAL RETIREMENT ANNUITY

Trustee argues that the Equi–Select annuity is not exempt under sec. 627.6(8)(f) because it is an individual retirement *annuity* ("IRA annuity"), not an individual retirement *account* ("IRA"). Subparagraph (3) of sec. 627.6(8)(f) lists "individual retirement accounts" as one of the types of pensions or retirement plans which may be exempt. That subparagraph does not specifically use the term "individual retirement annuities". Trustee argues that because the list of plans and pensions in subparagraph (3) does include an IRA annuity, the Equi–Select annuity cannot be exempt under sec. 627.6(8)(f).

Courts have stated that the distinction between IRAs and IRA annuities is insignificant in evaluating whether they were exempt under sec. 627.6(8)(e). *In re Huebner*, 141 B.R. 405, 408 (N.D.Iowa 1992), *aff'd*, 986 F.2d 1222 (8th Cir.), *cert. denied*, 510 U.S. 900, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993); *see also In re Cilek*, 115 B.R. 974, 976 n. 1 (Bankr.W.D.Wis.1990) (evaluating individual retirement annuity under 11 U.S.C. § 522(d)(10)(E) and perceiving no significant difference between IRAs and IRA annuities). In *In re Moss*, 143 B.R. 465 (Bankr.W.D.Mich.1992), the court states "[a]n individual retirement annuity is a variant on the individual retirement account theme." It goes on to describe an IRA as a sheltered deposit account. *Id.* The Court states an IRA annuity functions similarly to the IRA for the most part, but instead of receiving payments from the deposits, the proceeds are used to purchase a single premium annuity when the holder reaches the designated age. *Id.* at 466.

■ The Internal Revenue Code describes individual retirement accounts and annuities in 26 U.S.C. § 408. An IRA can be either an individual retirement account as set forth in § 408(a) or an individual retirement annuity as set forth in § 408(b). Either type of IRA constitutes an individual retirement plan, *see* 26 U.S.C. § 7701(a)(37), which is eligible to receive the beneficial tax treatment contained in § 408(d). *In re Fulton*, 240 B.R. 854, 860 n. 2 (Bankr.W.D.Pa.1999). One treatise explains IRAs as follows:

> An IRA has become the generic name for an individually directed and established savings program that permits individuals having earned income and their spouses to establish a personal retirement savings program.... There are two basic types of plans that can be described under the generic heading of IRA. These include IRAs described in Section 408(a) and individual retirement annuities described in Section 408(b).

Robert E. Madden, *Tax Planning for Highly Compensated Individuals* ¶ 7.06, 7.06[1] (2000).

Including "individual retirement accounts" in sec. 627.6(8)(f)(e) creates an ambiguity as to whether both types of IRAs in § 408 are exempt or only the IRAs described in § 408(a). The title of § 408 is "Individual retirement accounts". Subsection (a) is titled "Individual retirement account". Subsection (b) is titled "Individual retirement annuity". 26 U.S.C. § 408(a), (b). Arguably, the term "Individual retirement account" can be construed to include both IRAs in § 408(a) and IRA annuities in § 408(b). Both types of IRAs receive identical beneficial tax treatment. "Individual retirement account" has come to be understood as a generic name for both types of IRAs. Iowa courts have given IRAs and IRA annuities the same type of treatment under sec. 627.6(8)(e).

Because of this ambiguity, it is helpful and appropriate to consider legislative history. New paragraph (f) added to Section 627.6(8) originated with House Study Bill 6 introduced January 14, 1999 by the Committee on Judiciary. H.S.B. 6, 78th Gen. Assembly, 1st Sess. (Iowa 1999). At no time during its evolution to the version the legislature passed did new paragraph (f) include IRA annuities in the list of exempt

plans or contracts. Senate File 105 introduced February 8, 1999 by Senator Tinsman includes an explanation of the bill, as follows:

> The purpose of this bill is to eliminate the discrimination that currently exists in Iowa law regarding the exemption of retirement plans. Currently, ERISA qualified plans, such as most employer-maintained pension plans, are exempt from the claims of creditors. However, self-employed persons using a Keogh plan or IRA as their retirement vehicle are not similarly protected. Likewise, those who have taken their previously safe ERISA qualified pensions and rolled them over into an IRA due to plan termination, retirement, job loss, or other causes have, by such rollover, subjected their formerly protected assets to the claims of creditors. These amendments will eliminate such disparity and will clarify the types of federally authorized plans which Iowans will be entitled to claim as exempt.

> This bill also eliminates the ability of debtors to utilize this exemption as a vehicle in which to place assets on the eve of filing bankruptcy. No exemption can be claimed for contributions to plans made within the 24-month period in excess of the average annual contributions that have been made in the five previous tax years.

> This bill also protects rollover contributions to IRAs by excluding them from the contribution limit within the 24-month period prior to claiming an exemption.

*Id.*[1]

The state of the case law in Iowa prior to enactment of new paragraph (f) of sec. 627.6(8) also elucidates the circumstances under which the statute was enacted. Claims of Iowa exemptions were considered by the 8th Circuit Court of Appeals in *In re Huebner,* 986 F.2d 1222 (8th Cir.), *cert. denied* 510 U.S. 900, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993) and *In re Hutton,* 893 F.2d 1010 (8th Cir.1990). In *Hutton,* the 8th Circuit concluded that employer retirement savings plans were exempt under sec. 627.6(8)(e) because control over distributions was in the hands of a third party and there were strong limitations on withdrawal. *Hutton,* 893 F.2d at 1011. In *Huebner,* the court determined that annuities which qualified as IRA annuities under 26 U.S.C. § 408(b) were not exempt under sec. 627.6(8)(e) because the annuities placed virtually no restrictions on the debtor's right to withdraw. *Huebner,* 986 F.2d at 1225; *see also Caslavka,* 179 B.R. at 144 (stating IRAs are generally not exempt in Iowa under sec. 627.6(8)(e)).

The Court concludes that new paragraph (f) of sec. 627.6(8) is ambiguous on the issue of whether IRA annuities are exempt as "individual retirement accounts". Based on the language of 26 U.S.C. § 408, the general understanding of the term "individual retirement accounts", court opinions finding no distinction between IRAs and IRA annuities, the explanation accompanying Senate File 105 and the state of the case law under sec. 627.6(8)(e), the Court concludes that the term "individual retirement accounts" includes both IRAs and IRA annuities. This decision is also consistent with the principle that exemption laws are to be liberally construed in light of the purposes of the specific exemption. Exempting IRA annuities has an identical effect as exempting IRAs, that is, allowing retirement plans of self-employed persons, or from rollovers from ERISA-qualified plans, the same protection as is currently afforded employer-sponsored retirement plans.

### THE $2,000 LIMITATION

Trustee's alternative argument is that if the IRA annuity is exempt as a type of individual retirement account under sec. 627.6(8)(f), it is limited to "the actual

---

1. The 24-month period discussed in this explanation of Senate File 105 was not included in the enacted version of Iowa Code § 627.6(8)(f).

amount of the contribution or two thousand dollars, whichever is less." Iowa Code § 627.6(8)(f)(3). This $2,000 limitation is modified in the statute, however, by the words "for each tax year of contributions." The Court finds no ambiguity in this pronouncement of the statute. If the $2,000 limitation of subparagraph (f)(3) applies to Debtors' Equi–Select annuity, it does not limit the exemption to $2,000 merely because the rollover to the annuity occurred in one tax year. Debtor Jon Kemmerer made contributions to his retirement plan during five tax years. Therefore, the limitation under the statute, if applicable, would equal $2,000 for each of the five years of contributions, or $10,000, plus related earnings and market increases.

## THE $2,000 PER YEAR LIMITATION

Trustee does not dispute that the Equi–Select annuity was created from a transfer from an ERISA-qualified retirement plan under sec. 627.6(8)(f)(1). This Court has concluded that the Equi–Select annuity is an "individual retirement account" under subparagraph (f)(3). Therefore, the transfer constitutes a transfer from an ERISA-qualified plan to "another pension or retirement plan authorized under federal law, as described in subparagraph (3)." Iowa Code § 627.6(8)(f)(1).

The final issue is whether this language requires application of the $2,000 per year limitation included in subparagraph (3) to transfers ("rollovers") described in subparagraph (1). Eight different types of retirement plans are listed in subparagraph (3). This provision provides: "For [these eight types of retirement plans,] "the exemption for contributions shall not exceed, for each tax year of contributions, the actual amount of the contribution or two thousand dollars, whichever is less."

The Court concludes that the language in subparagraph (1), "as described in sub-

paragraph (3)", is ambiguous as to whether the $2,000 per year limitation applies to rollovers described in subparagraph (1). Because of this ambiguity, the Court considers the explanation attached to Senate File 105 quoted above. That explanation states the bill protects rollover contributions to IRAs by excluding them from a contribution limit which was rejected in favor of the subsequently enacted $2,000 per year limit.[2] It also indicates legislative intent to avoid having "previously safe ERISA qualified pensions [which are] rolled over into an IRA due to plan termination, retirement, job loss, or other causes ... subjected ... to the claims of creditors."

An explanation attached to House File 660 introduced March 12, 1999 by the Committee on Judiciary offers further commentary. It states the bill "makes exempt from execution certain retirement benefits regulated under federal law, according to three categories as specified in the bill." H.F. 660, 78th Gen. Assembly, 1st Sess. (Iowa 1999). These three categories are: (A) transfers from an ERISA-qualified retirement plan; (B) retirement plans established pursuant to qualified domestic relations orders; and (C) the eight types of plans listed in subparagraph (3), including individual retirement accounts.

Based on the foregoing, the Court concludes that in · enacting sec. 627.6(8)(f)(1), the legislature intended to treat IRAs from rollovers of ERISA-qualified retirement plans differently than other IRAs. The rollovers governed by subparagraph (1) are therefore not subject to the $2,000 per year limitation in subparagraph (3). The language "as described in subparagraph (3)" relates to the listing of the eight specific types of pensions or retirement plans the legislature included as exempt in subparagraph (3). It does not mandate a finding that the subparagraph

---

2. Senate File 105 included a limit for contributions made within the 24-month period pri-

or to claiming an exemption.

(1) rollover exemption is limited in value to $2,000 per year for each tax year of contributions.

### SUMMARY

Iowa Code sec. 627.6(8)(f) is ambiguous as it relates to two of the issues raised by Trustee. This requires the Court to resort to rules of statutory interpretation to determine legislative intent. The Court concludes that Debtors' Equi–Select annuity qualifies as an individual retirement account exempt under sec. 627.6(8)(f). Subparagraph (3) is unambiguous in stating that exemption of the types of retirement plans listed therein are limited to $2,000 per year for each tax year of contributions. Under subparagraph (1), however, this limitation does not apply to Debtors' Equi–Select annuity which is an individual retirement account created from a transfer from an ERISA-qualified retirement plan. Therefore, Debtors are entitled to claim the entire value of the Equi–Select annuity exempt under sec. 627.6(8)(f).

**WHEREFORE,** Trustee's Objection to Exemption is OVERRULED.

**FURTHER,** Debtors are entitled to claim the entire value of the Equi–Select annuity exempt under sec. 627.6(8)(f)