**In re Robert W. PEPMEYER, Debtor.**

**No. C01–84 MJM.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Jan. 7, 2002.

John M. Titler, Titler & Monroe, Cedar Rapids, IA, for appellant.

Eric W. Lam, Moyer & Bergman, PLC, Cedar Rapids, IA, for appellee.

## ORDER

MELLOY, District Judge.

Debtor Robert W. Pepmeyer (hereinafter Debtor) appeals an adverse decision of the United States Bankruptcy Court for the Northern District of Iowa, in which the court held that Debtor's individual retirement annuity is not an exempt asset under Iowa Code § 627.6(8)(f). This appeal comes before this court pursuant to 28 U.S.C. § 158(a). For the following reasons, the decision of the bankruptcy court is reversed.

### STANDARD OF REVIEW

In reviewing the decision of a bankruptcy court, the district court acts as an appellate court. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987). This court reviews de novo conclusions of law made by the bankruptcy court. Fed. R.Bank.P. 8013; *In re Westpointe*, 241 F.3d 1005, 1007 (8th Cir.2001); *In re Martin*, 140 F.3d 806, 807 (8th Cir.1998). "The Bankruptcy Court's interpretation of the statute is a question of law, and when interpreting a statute, [the reviewing court] looks to its express language and overall purpose." *In re Martin*, 140 F.3d at 807. The bankruptcy court's finding of fact is reviewed for clear error. *Wegner*, 821 F.2d at 1320.

### FACTS

Debtor filed a Chapter 7 petition in bankruptcy court on September 29, 2000. In that petition, Debtor claimed as exempt pursuant to Iowa Code section 627.6(8)(f) an individual retirement annuity with a current value of $31,000.00. Northwestern Mutual Life Insurance Company issued the annuity. Debtor purchased the annuity in 1994. The purchase of the individual retirement annuity was partially funded by a $2,000.00 distribution from the estate of Debtor's deceased grandmother. In addition, Debtor transferred $2,444.93 from an individual retirement account which Debtor maintained at Guaranty Bank & Trust Company. Debtor believed that the two retirement plans were identical. From 1995 to 1999, Debtor contributed $2,000.00 each year to the individual retirement annuity and has made no withdrawals from the account. The court finds no error in the Bankruptcy Court's finding of fact.

### DISCUSSION

The issue before the court is whether Debtor's individual retirement annuity is exempt under Iowa Code section 627.6(8)(f), as enacted at the time of Debtor's filing a Chapter 7 petition. When Debtor filed his petition, Iowa Code section 627.6(8)(f) provided, in part, that a debtor's rights in the following may be held exempt:

Contributions and assets, including the accumulated earnings and market increases in value, in any of the plans or contracts as follows:

(1) Transfers from a retirement plan qualified under the Employee Retire-

ment Income Security Act of 1974 (ERISA) ... to another ERISA-qualified plan or to another pension or retirement plan authorized under federal law, as described in subparagraph (3)....

(3) For simplified employee pension plans, self-employed pension plans, Keogh plans (also known as H.R. 10 plans), individual retirement accounts, Roth individual retirement accounts, savings incentive matched plans for employees, salary reduction simplified employee pension plans (also known as SARSEPs), and similar plans for retirement investments authorized in the future under federal law, the exemption for contributions shall not exceed, for each tax year of contributions, the actual amount of the contribution or two thousand dollars, whichever is less. The exemption for accumulated earnings and market increases in value of plans under this subparagraph shall be limited to an amount determined by multiplying all the accumulated earnings and market increases in value by a fraction, the numerator of which is the total amount of exempt contributions as determined by this subparagraph, and the denominator of which is the total of exempt and nonexempt contributions to the plan.

Iowa Code § 627.6(8)(f)[1]. The issue is whether an individual retirement annuity is covered under the term "individual retirement accounts" as that term is used in the statute. It is this court's determination that it is.

This precise issue has been appealed only once before within this circuit. *In re Kemmerer*, 251 B.R. 50 (8th Cir. BAP 2000) (hereinafter *Kemmerer II*); *In re Kemmerer*, 245 B.R. 335 (Bankr.N.D.Iowa 2000) (hereinafter *Kemmerer I*)[2]. In *Kemmerer I*, Judge Kilburg ruled that an individual retirement annuity was exempt under Iowa Code section 627.6(8)(f). *In re Kemmerer*, 245 B.R. at 340. The decision was appealed to an Eighth Circuit Bankruptcy Appellate Panel (BAP). *In re Kemmerer*, 251 B.R. at 50. In reversing Judge Kilburg's ruling, the BAP concluded the Iowa Legislature did not intend to exempt an individual retirement annuity under Iowa Code § 627.6(8)(f). *Id.* at 54.

However, the bankruptcy panel's decision in *Kemmerer II* did not settle the issue as a federal district court is not bound by the rulings of a bankruptcy appellate panel. *In re Brown*, 239 B.R. 204, 210 n. 6 (S.D.Cal.1999) (citing *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir.1990) ("BAP decisions

---

1. The Iowa Legislature amended this section in 2001 adding the following paragraph:

   All transfers, in any amount, from an eligible retirement plan to an individual retirement account, an individual retirement annuity, a Roth individual retirement account, or a Roth individual retirement annuity established under section 408A of the Internal Revenue Code shall be exempt from execution and from the claims of creditors.

   Iowa Code § 627.6(8)(f) (as amended by H.F. 654, enacted April 25, 2001). However, the exemption law in effect on the filing date controls the debtor's right to claim exemptions. *In re Krantz*, 97 B.R. 514, 522 (Bankr. N.D.Iowa 1989).

2. Judge Edmonds, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Iowa, Western Division, also addressed this issue in *In re Johnson*, Bankruptcy No. 99–03126S, March 30, 2000. Judge Edmonds reached the same conclusion Judge Kilburg reached in *Kemmerer I*: "Given the identical treatment of [individual retirement accounts and individual retirement annuities] under prior exemption law and the statute's indicated purpose to give identical treatment to 'similar plans,' it seems more reasonable to interpret the statute inclusively.... [T]herefore, ... § 627.6(6)(f)(3) provides for an exemption for an individual retirement annuity...." *Id.* That decision was not appealed.

cannot bind the district court themselves.")). Thus, while the bankruptcy court felt compelled to adhere to *Kemmerer II* in issuing the judgment below in this proceeding[3], this court is not bound by the BAP's decision. "As Article III courts, the district courts must always be free to decline to follow BAP decisions and to formulate their own rules within their jurisdiction." *Bank of Maui v. Estate Analysis, Inc.,* 904 F.2d 470, 472 (9th Cir.1990). For the reasons discussed below, this court

**3.** Judge Kilburg expressed reticence over the conclusion he was obliged to reach: "While this Court continues to believe IRA annuities should be found exempt under the Iowa Code, the decision of the BAP, if not binding, is at least due appropriate respect[.]" *In re Pepmeyer,* Bankr. No. 00–02486–C, Order Re Trustee's Objection to Exemption, Feb. 14, 2001.

**4.** The Internal Revenue Code, under the rubric of individual retirement account, defines individual retirement annuity as:

[A]n annuity contract ... or an endowment contract ... issued by an insurance company which meets the following requirements: (1) The contract is not transferable by the owner. (2) Under the contract— (A) the premiums are not fixed, (B) the annual premium on behalf of any individual will not exceed $2,000, and (C) any refund of premiums will be applied before the close of the calendar year following the year of the refund toward the payment of future premiums or the purchase of additional benefits. (3) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefits requirements of section 401(a) shall apply to the distribution of the entire interest of the owner. (4) The entire interest of the owner is nonforfeitable. Such term does not include such an annuity contract for any taxable year of the owner in which it is disqualified on the application of subsection (e) or for any subsequent taxable year. For purposes of this subsection, no contract shall be treated as an endowment contract if it matures later than the taxable year in which the individual in

respectfully exercises that privilege in this instance.

▪ Subpart (f) of Iowa Code section 627.6(8) states the exemption exists "in any of the plans or contracts as follows[,]" and then goes on to list in subparagraph (3) "individual retirement accounts." In this court's view, individual retirement accounts include individual retirement annuities. Clearly, in terms of the purpose of the plans, the distinction is nominal[4]. *See*

whose name such contract is purchased attains age 70½; if it is not for the exclusive benefit of the individual in whose name it is purchased or his beneficiaries; or if the aggregate annual premiums under all such contracts purchased in the name of such individual for any taxable year exceed $2,000....

26 U.S.C. § 408(b).

The Internal Revenue Code defines individual retirement account as:

[A] trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements: (1) Except in the case of a rollover contribution described in subsection (d)(3), in section 402(c), 403(a)(4) or 403(b)(8), no contribution will be accepted unless it is cash, and contributions will not be accepted for the taxable year in excess of $2,000 on behalf of any individual. (2) The trustee is a bank ... or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other persons will administer the trust will be consistent with the requirements of this section. (3) No part of the trust funds will be invested in life insurance contracts. (4) The interest of an individual in the balance in his account is nonforfeitable. (5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund. (6) Under regulations proposed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of

*In re Moss,* 143 B.R. 465, 465–66 (Bankr. W.D.Mich.1992) ("The individual retirement annuity functions similarly to the individual retirement account for the most part. The main distinction is that when the holder reaches the designated age, instead of receiving payments from the amount on deposit the proceeds are used to purchase a single premium annuity."). Both the individual retirement account and individual retirement annuity are considered individual retirement plans. 26 U.S.C. § 7701(a)(37). In addition, both receive similar tax treatment under 26 U.S.C. § 408(d). As pointed out by Judge Kilburg in *Kemmerer I,* and by Judge Dreher in her dissent in *Kemmerer II,* commentators note that

> [a]n IRA has become the generic name for an individually directed and established savings program that permits individuals having earned income and their spouses to establish a personal retirement savings program.... There are two basic types of plans that can be described under the generic headings of IRA. These include IRAs described in Section 408(a) and individual retirement annuities described in Section 408(b).

Robert E. Madden, *Tax Planning for Highly Compensated Individuals,* ¶ 7.06, 7.06[1] (2000) (cited in *In re Kemmerer,* 251 B.R. at 55 (Dreher, J., dissenting), and *In re Kemmerer,* 245 B.R. at 339).

Courts have struggled with the distinction between, and characterization of, the types of plans. In *In re Huebner,* the distinction between an individual retirement account and an annuity was before this court to determine if the annuity at issue was exempt under Iowa Code section 627.6(8)(e). *In re Huebner,* 141 B.R. 405, 408 (N.D.Iowa 1992), *aff'd* 986 F.2d 1222 (8th Cir.1993). That particular section

stated, in part, that an exemption existed for a debtor's rights in "[a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Iowa Code § 627.6(8)(e). The court was attempting to discern the meaning of "on account of age" as it related to the contested annuity. The *Huebner* court relied upon *Matter of Grimes,* No. 88–2554–WH (Bankr.S.D.Iowa 1990), in which the Bankruptcy Court for the Southern District of Iowa "found no distinction between an IRA under § 408(a) and an individual retirement annuity under § 408(b)." *In re Huebner,* 141 B.R. at 408 (citing *Matter of Grimes,* No. 88–2554–WH (Bankr. S.D.Iowa 1990), slip op. at 6 n. 1). In a thorough discussion of the authority interpreting the character and treatment of the two retirement plans, the *Huebner* court noted the inconsistent authorities on whether an annuity is deserving of treatment on par with an individual retirement account. The court concluded that it "agree[d] with *Grimes* and [did] not find a relevant distinction between the AAL annuities and an IRA established under 26 U.S.C. § 408(a)." *Id.* at 408. While classifying the annuities as non-exempt under Iowa Code section 627.6(8)(e), the *Huebner* court characterized the annuities as tantamount to an individual retirement account for purposes of the statute. *Id.* That characterization is equally applicable in the case at bar and in this court's interpretation of Iowa Code section 627.6(8)(f) as it relates to Debtor's annuity.

■ At a minimum, the statute is ambiguous. *See In re Kemmerer,* 251 B.R. at 58 (Dreher, J., dissenting) ("On balance,

---

an individual for whose benefit the trust is maintained.

26 U.S.C. § 408(a).

then, I believe the legislature intended to include individual retirement annuities within the scope of the term individual retirement accounts."); *In re Kemmerer*, 245 B.R. at 340 ("The Court concludes that new paragraph (f) of sec. 627.6(8) is ambiguous on the issue of whether IRA annuities are exempt as 'individual retirement accounts.'"). In such a case, when there is a question of what a statute covers, the Iowa Legislature has provided a roadmap for courts to determine how the statute applies to the facts before the court:

> If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
>
> 1. The object sought to be attained.
> 2. The circumstances under which the statute was enacted.
> 3. The legislative history.
> 4. The common law or former statutory provisions, including laws upon the same or similar subjects.
> 5. The consequences of a particular construction.
> 6. The administrative construction of the statute.
> 7. The preamble or statement of policy.

Iowa Code § 4.6 (2001). In resolving the ambiguity, the court is conscious of another canon guiding the court's statutory interpretation: "While this court readily acknowledges that it is well settled Iowa law that Iowa's exemption statutes are to be liberally construed in favor of the debtor, the court also should not 'depart substantially from the express language of the exemption statute or extend the legislative grant.'" *In re Huebner*, 141 B.R. at 408–09 (quoting *Matter of Knight*, 75 B.R. 838, 839 (Bankr.S.D.Iowa 1987)) (citations omitted); *see also In re Eilbert*, 162 F.3d 523, 526 (8th Cir.1998). As demonstrated below, the court's decision that Debtor's an-

nuity is exempt from the property of the bankruptcy estate is consistent with these tenets.

1. The object sought to be attained.

The purpose behind exempting pension plans is to secure for the debtor a subsistence level of income in retirement. *See In re Pettit*, 55 B.R. 394, 398 (Bankr. S.D.Iowa 1985), *aff'd*, 57 B.R. 362 (S.D.Iowa 1985). The facts indicate the Debtor sought to secure a stream of income for his retirement. Keeping instruments that will provide for such subsistence security out of the property of the bankruptcy estate guarantees the debtor some support in times when the debtor may have a limited ability to fund a retirement plan. "The exemption of payment under a pension or similar plan is intended to protect payments which function as wage substitutes after retirement, to support the basic requirements of life at a time when the debtor's earning capacity is limited." *In re Caslavka*, 179 B.R. 141, 143–44 (Bankr.N.D.Iowa 1995).

2. The circumstances under which the statute was enacted.

Iowa has opted out of the federal exemption laws for bankruptcy proceedings. Iowa Code § 627.10. Consequently, exemptions are provided for by state law. *See In re Eilbert*, 162 F.3d at 525. The initial exemptions under Iowa law were modeled after federal exemptions. *Id.* at 525.

3. The legislative history.

The legislative history indicates the purpose of Iowa Code section 627.6(8)(f) was to eliminate the disparity between treatment of the various types of retirement plans in bankruptcy proceedings. *See In re Kemmerer*, 245 B.R. at 340 (citing Senate File 105, 78th Gen. Assembly, 1st Sess.

Feb. 8, 1999)[5]. A holding contrary to what the court reaches today would inject the disparity of treatment between retirement plans which the legislature sought to eliminate.

4. The common law or former statutory provisions, including laws upon the same or similar subjects.

With the exception of the *Kemmerer I* and *II* decisions, the exemption case law largely deals with Iowa Code section 626.6(8)(e). *See In re Eilbert,* 162 F.3d 523, 527 (8th Cir.1998) (holding annuity not exempt for failure to meet statutory conditions); *In re Huebner,* 986 F.2d at 1225 (affirming decision that annuities are not exempt for failure to meet "on account of age requirement"); *In re Huebner,* 141 B.R. at 408–09 (finding no distinction between contested annuities and IRAs and holding annuities not exempt for failure to meet the "on account of age" requirement); *In re Lilienthal,* 72 B.R. 277, 279 (S.D.Iowa 1987) (holding debtor's annuity exempt); *In re Caslavka,* 179 B.R. 141, 147 (Bankr.N.D.Iowa 1995) (holding annuities exempt to remain true to the purpose of the exemption statutes "which is to protect pension plan payments after retirement"); *In re Lawrence,* 57 B.R. 727, 731–32 (Bankr.N.D.Iowa 1986) (holding Keogh plan exempt under predecessor statute that did not specifically mention a Keogh plan as exempt and stating that " 'rights . . . in a payment' per the Iowa exemption statute can be, and should be, construed to include an interest in the present assets from which those payments will be made.").

The case authority on the treatment of the two types of plans—individual retirement accounts and individual retirement annuities—indicates the two have, for the most part, received equal treatment in the exemption jurisprudence. *See In re Huebner,* 141 B.R. at 406–08. To sever the annuity from the range of retirement plans worthy of exemption would, in this court's view, frustrate the purpose of the exemption statute and the goal of the bankruptcy code.

5. The consequences of a particular construction.

Construing the statute to exclude the individual retirement annuity would be contrary to the intent of the exemption statute. The exemption of individual retirement accounts encourages individuals to save for retirement. Interpreting any ambiguity on the part of the legislature against the Debtor would deprive the Debtor of his retirement savings, and that is precisely what the exemption seeks to avoid. "Case law mandates that sec. 627.6(8)(e) be construed liberally to protect Debtor's rights in pension payments as wage substitutes necessary now after retirement when his earning capacity is limited." *In re Caslavka,* 179 B.R. at 143–44. The court believes the use of individual retirement accounts in the statute includes an individual retirement annuity such as Debtors. Accordingly, Debtor's individual retirement annuity is included under the exemption.

### CONCLUSION

In summary, the court agrees with Judge Kilburg's reasoning in *Kemmerer I,* and his reticence in issuing the ruling be-

---

5. A principal sponsor of Senate File 105 included this explanation of the bill in the file: "The purpose of this bill is to eliminate the discrimination that currently exists in Iowa law regarding the exemption of retirement plans. . . . These amendments will eliminate such disparity and will clarify the types of federally authorized plans which Iowans will be entitled to claim as exempt." *See In re Kemmerer,* 245 B.R. at 340.

low, and concludes that Debtor's individual retirement annuity is exempt under Iowa Code section 627.6(8)(f): "Based on the language of 26 U.S.C. § 408, the general understanding of the term 'individual retirement accounts,' court opinions finding no distinction between IRAs and IRA annuities, the explanation accompanying Senate File 105 and the state of the case law under sec. 627.6(8)(e), ... the term 'individual retirement accounts' includes both IRAs and IRA annuities." *In re Kemmerer*, 245 B.R. at 340.

## ORDER

For the foregoing reasons, the decision of the bankruptcy court is REVERSED, and this case is remanded for consideration of the remaining issues in Debtor's Chapter 7 petition.