### In re Larry L. WALLACE Nancy L. Wallace, Debtors.

#### No. 00–20490–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 30, 2001.

Bruce E. McGuire, Louisiana, MO, for Debtors.

Susan K. Olsen, St. Louis, MO, for trustee.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

The hearing on the Chapter 7 Trustee's objection to the Debtors' claim of exemp-

tion was called on March 22, 2001 in Hannibal, Missouri. The Trustee appeared by Counsel and presented oral argument and conducted cross examination on the record. Larry L. Wallace, ("Debtor") appeared in person and by Counsel and presented testimony and other evidence on the record. At the conclusion of the hearing, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On about May 31, 2000, the Debtor and two of his co-workers were told by their employer that they had been terminated. Since that time, the Debtor testified that he has suffered from depression and other medical problems that require daily medication. Shortly after his termination, he received a lump sum distribution from his former employer in the amount of $13,000.00. Although no written documents were provided at the time of the distribution, the Debtor stated that he believed that the amount was based on the number of weeks of employment. He testified that he and his wife intended to use the money to replace his lost wages.

After obtaining professional financial advice he purchased an annuity that allows him to withdraw amounts of money without a penalty before the scheduled payments begin. He also enjoys the ability to withdraw the full amount from the plan subject to payment of penalty. After termination from his employment and prior to the commencement of this case, the Debtor began receiving a monthly pension distribution in the amount of $1,380.00. The Debtor believes that these payments will

continue during his lifetime. In addition to the pension distribution, the household income for the Debtor and his co-Debtor spouse includes his wife's monthly take home pay in the amount of $1,250.42.

The Debtors have claimed an exemption in the full value of the annuity under Rev. State. Mo. § 513.430(10)(e) which allows an exemption for a person's right to receive any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any similar plan described, defined or established pursuant to Rev. Stat. Mo. § 456.072, annuity or similar plan or contract on account of illness, disability, death, or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person. The Debtors' have no dependents. The contract purchased by the Debtors was not made a part of the record at trial.

■ The operative language of the Missouri exemption statute at Section 513.430(10)(e) is essentially identical to the language of the Federal exemption law at 11 U.S.C. § 522(d)(10)(e). Therefore, the analysis of the Federal law by several courts in the Eighth Circuit is instructive here.

■ Under the Federal statute, the exemption of payments under an annuity is intended to protect payments which function as wage substitutes after retirement. *See Andersen v. Ries,* 259 B.R. 687 (8th Cir. BAP (Minn.)); *In re Caslavka,* 179 B.R. 141, 143–144 (Bankr.N.D.Iowa 1995).

The contract described here as an annuity was not acquired by a series of contributions made over time, but rather was created by a single lump sum payment by the Debtors. The investment will return the initial contribution with earned interest, rather than payments based upon the

participant's estimated life span. The contribution was made at one time from a single source, the Debtors' assets. The investment was made approximately five months prior to the commencement of this case, after Mr. Wallace had been laid off from his employment. These circumstances suggest that the investment was a prebankruptcy planning measure, rather than the purchase of an annuity. *See Andersen v. Ries,* 259 B.R. 687 (8th Cir. BAP (Minn.)).

Finally, the record has disclosed that the Debtor retained a great deal of control over the asset described as an annuity. As of the commencement of this case, he held the discretion to withdraw funds from the corpus, although a penalty may attach depending on the time of the withdrawal. *See Huebner v. Farmers State Bank, Grafton, Iowa,* 986 F.2d 1222 (8th Cir.1993), *cert. denied,* 510 U.S. 900, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993). These factors in combination with the Debtor's right to receive other pension payments compels the determination that the asset listed as exempt does not qualify as an annuity and is therefore not property that can be claimed as exempt under Section 510.430(10)(e).

IT IS ORDERED that this matter is concluded; and that the Trustee's objection is sustained; and that the Debtors' claim of exemption under Rev. Stat. Mo. § 513.430(10)(e) to the contract purchased with the proceeds of a distribution by a former employer of the Debtor/Husband is denied; and that the Debtors' request to claim the contract as exempt is denied; and

That all other requests in this matter are denied.