**In re Robert L. and Cheryl L. ZEHRUNG, Debtors.**

**Dupaco Community Credit Union, Plaintiff,**

v.

**Robert L. and Cheryl L. Zehrung, Defendants.**

**No. 06–C–437–S.**

United States District Court, W.D. Wisconsin.

Oct. 16, 2006.

Craig R. Day, Day & Reinicke, LLP, Lancaster, WI, for Plaintiff.

Michael J. Rynes, Bankruptcy Law Services, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Dupaco Community Union brings this appeal from the final order of the Bankruptcy Court denying plaintiff's claim and confirming the debtors' Chapter 13 plan. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. §§ 158(a)(1) and 1334. The following relevant background and facts are undisputed.

## BACKGROUND

On March 7, 2006 plaintiff loaned debtors $17,331.89 for the purchase of a 2005 Ford Focus automobile for personal use. The loan was secured by a perfected security interest in the Focus.

On February 28, 2006 debtors filed a 13 bankruptcy petition. At the time of the filing the balance due on plaintiff's loan was $14,182.76, and the estimated value of the Focus was $9,325.

Plaintiff filed a purchase money secured claim for the loan balance. Debtors proposed to surrender the Focus to plaintiff as part of their chapter 13 plan. On April 25, debtors surrendered the Focus to plaintiff. Plaintiff continued to assert a secured claim for the loan balance. Debtors contended that the surrender rendered any remaining claim unsecured, and objected to plaintiff's continuing secured claim.

On June 26, 2006 the Bankruptcy Court held a hearing on the objection to plaintiff's claim and plan confirmation. The Bankruptcy Court granted debtors' objection to the claim, ruled that the surrender of the Focus had extinguished plaintiff's entire claim, and confirmed the plan. Plaintiff now appeals the ruling.

## MEMORANDUM

■ Plaintiff contends that under an appropriate interpretation of recently amended 11 U.S.C. § 1325(a) it is entitled to full payment of its loan in bankruptcy as a secured claim regardless of the value of the collateral surrendered. Debtors argue that the Bankruptcy Court correctly ruled that the effect of § 13325(a) is to extinguish plaintiff's entire claim upon surrender. All relevant facts being undisputed, the appeal presents only a legal issue which this Court reviews *de novo*. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994).

The issue in the case involves the interpretation of the following relevant portion of 11 U.S.C. § 1325:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B) (i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim until the earlier of—

(aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of

periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

. . .

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor. . . .

More specifically, the issue presented concerns the legal effect of the final "hanging paragraph" on a claim secured by an asset that has been surrendered pursuant to § 1325(5)(C). Section 506 is the means by which an allowed claim under § 502 is bifurcated between its secured and unsecured components. If section 506 is rendered entirely inapplicable to certain claims by the hanging paragraph then those claims could not be "allowed secured claims" under a literal reading. *See In re Carver*, 338 B.R. 521 (Bkrtcy.S.D.Ga.2006)(*citing* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1325.06[1][a], 15th ed.2006).

To avoid this potential absurdity, most courts have treated the hanging paragraph as eliminating the application of the portion of § 506 which provides for the bifurcation of a partially secured claim into distinct secured and unsecured components, leaving the secured creditor in the position provided by non-bankruptcy law, and have held the term "allowed secured claim" to mean any allowed claim which is secured to some extent by collateral. *In re Brooks*, 344 B.R. 417, 420–21 (Bkrtcy. E.D.N.C.2006).

[A] claim can be secured without the application of § 506. The "determination of property rights in the assets of a bankrupt's estate" is left to state law. However, state law only controls to the "extent such rights are not modified by the Bankruptcy Code." Section 506 modifies the rights of creditors, secured by a lien under state law, by allowing their claims to be treated as unsecured if the value of the creditor's collateral is less than the amount of the claim. If § 506 does not apply, the rights of the secured creditor under state law are not modified and the claim remains fully secured.

*Id.* at 422 (citations omitted). This seems the most reasonable interpretation of the relationship between the provisions. The interpretation has the obvious consequence for assets retained under § 1325(a)(5)(B) of precluding § 506 claim bifurcation and requiring payment in full of the claim. That is, it prevents the debtor from retaining the asset, but stripping down the creditor's payments to the asset's value at the petition date.

The effect of the hanging paragraph on assets surrendered pursuant to § 1325(a)(5)(C) is different than the effect when a debtor retains assets pursuant to (B). The Bankruptcy Court held that the effect of the hanging paragraph was to render an entire claim secured for all purposes under § 1325(a)(5) so that a surrender of collateral pursuant to § 1325(a)(5)(C) extinguishes the entire claim and no unsecured claim remains.

June 26, 2006 hearing transcript at 3–5. This interpretation of the provision has been adopted by the majority of bankruptcy courts to have considered the issue. *See In re Sparks*, 346 B.R. 767, 773–74 (Bkrtcy.S.D.Ohio, 2006)(collecting and discussing cases with similar holdings).

■ These holdings, however, ignore the fact that "allowed secured claim" in § 1325(5) is used in the sense that the claim is allowed under § 502 and secured by some collateral, not in the § 506 sense of the term. A creditor taking possession of collateral does not depend upon § 506 to determine the value of its unsecured claim. Section 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender. Rather, when collateral is surrendered pursuant to § 1325(5)(C) the amount of the remaining unsecured claim is determined by state law, uniform commercial code sections 9–610 to 9–624. *See* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1325.06[4], 15th ed.2006. The creditor's rights being unmodified by § 506, it is entitled to its state law right to liquidate the collateral and retain an unsecured claim for the balance due. *In re Duke*, 345 B.R. 806, 809 (Bkrtcy.W.D.Ky. 2006).

This interpretation is not only consistent with the language of the statute, it is has the additional advantage of being consistent with the intent of Congress in enacting the § 1325 amendments and with the ordinary expectations of borrowers and lenders. The hanging paragraph was adopted as part of Public Law 109–8, section 306, 119 Stat. 80, entitled "Giving Secured Creditors Fair Treatment in Chapter 13." The section specifically enacting the hanging paragraph is entitled "Restoring the Foundation for Secured Credit." It seems extremely unlikely, given the purposes expressed in the titles of the amendments, that the intent of the amendment was to eliminate the long existing right of creditors in bankruptcy to an unsecured deficiency claim. *See In re Duke*, 345 B.R. at 806. It seems even more unlikely that Congress intended to significantly expand the rights of secured creditors in § 1325(a)(5)(B) and simultaneously reduce them in § 1325(a)(5)(C). Even those courts that have adopted the majority position denying deficiency claims have acknowledged that the result is probably not what Congress intended, but have figuratively shrugged their shoulders and relied on the conclusion that the statute unambiguously requires a contrary result. *See In re Payne*, 347 B.R. 278 (Bkrtcy. S.D.Ohio 2006).

■ Furthermore, this Court's interpretation avoids the anomalies of the majority position that if a debtor surrenders collateral any time before bankruptcy the creditor retains the right to an unsecured claim for a deficiency in a subsequent bankruptcy, but if surrender occurs as part of the Chapter 13 plan its right is lost, or that a non-purchase money lender retains a deficiency right but a purchase money lender does not. Allowing the creditor a right to an unsecured deficiency claim is consistent with the expectations of both debtor and creditor when they entered the transaction. The plain intent of the amendment was to deny the debtor the right to retain the asset while avoiding full contractual payment, but to preserve the status quo if the collateral is surrendered. There is nothing in the language of the code or state law which supports plaintiff's argument that it is entitled to something more than an unsecured claim for the deficiency. The interpretation adopted herein is consistent with the language of the statute, the plain intent of Congress and the expectations of the parties.

Accordingly,

## ORDER

IT IS ORDERED that the order of the Bankruptcy Court confirming the debtor's chapter 13 plan is AFFIRMED

IT IS FURTHER ORDERED that the order of the Bankruptcy Court upholding the objection to plaintiff's claim is RE-VERSED only insofar as it denies plaintiff an unsecured claim for a deficiency as determined pursuant to state law.