**In re Bobbie Jean CLARK.**

No. 06–11943.

United States Bankruptcy Court, N.D. Mississippi.

Feb. 23, 2007.

John M. Sherman, Clarksdale, MS, for Bobbie Jean Clark.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is the objection to confirmation filed by Ameri-Credit Financial Services, Inc., (AmeriCredit); response to said objection having been filed by the debtor, Bobbie Jean Clark, (debtor); and the court, having heard and considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core contested proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O).

### II.

The facts relevant to this proceeding are undisputed. The debtor filed her voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 21, 2006. Within the 910 day period preceding the date of the filing of her petition, the debtor entered into a purchase money security interest transaction with Ameri-Credit applicable to the acquisition of a motor vehicle for her personal use.

Pursuant to a motion filed by AmeriCredit, an order granting relief from the automatic stay was entered in this case on November 13, 2006. The order provided that the debtor's motor vehicle, which was subject to the aforementioned security interest, was to be surrendered to Ameri-Credit, and, thereafter, AmeriCredit could file an amended claim to reflect the unsecured balance that would result following the liquidation of the said vehicle by AmeriCredit. Contrary to this position, the debtor, in her Chapter 13 plan, proposed that the surrender of the vehicle would fully satisfy the claim owed to AmeriCredit. AmeriCredit has objected to the confirmation of this plan, contending that the debtor should be liable for any deficiency claim that might ultimately arise. In her response, the debtor asserted that since § 1325(a) of the Bankruptcy Code[1], as amended by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 (BAPCPA), effectively deems the claim of AmeriCredit to be fully secured, the surrender of the vehicle fully satisfies the claim.

### III.

Section 1325, as amended by BAPCPA, requires the court to confirm a plan if certain conditions are met. The treatment of allowed secured claims is found in § 1325(a)(5), which provides as follows, to-wit:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . .

(5) with respect to each allowed secured claim provided for by the plan—

---

1. Hereinafter, all Code sections cited will be considered as sections of the United States Bankruptcy Code unless specifically noted otherwise.

(A) the holder of such claim has accepted the plan;

(B) (i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim until the earlier of—

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5).

Following subsection (9) of § 1325(a), Congress in enacting BAPCPA added a paragraph that has been labeled as the "hanging paragraph." It reads as follows, to-wit:

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.

Section 506(a)(1) ordinarily permits a debtor to bifurcate a secured creditor's claim into secured and unsecured portions based on the value of the collateral. However, subsequent to the effective date of BAPCPA, courts have held that the bifurcation of claims held by so-called "910 creditors" is not permitted because of the hanging paragraph, and that a claim of a "910 creditor" must be treated as fully secured in a plan.

Several courts have considered the effect of the hanging paragraph when a debtor proposes to surrender a vehicle pursuant to § 1325(a)(5)(C). A majority of the decisions addressing this issue have found that the language of the hanging paragraph is unambiguous. *See In re Osborn,* 348 B.R. 500 (Bankr.W.D.Mo.2006); *In re Sparks,* 346 B.R. 767 (Bankr. S.D.Ohio 2006); *In re Long,* 2006 WL 2090246 (Bankr.E.D.Tenn.2006); *In re Payne,* 347 B.R. 278 (Bankr.S.D.Ohio 2006); *In re Ezell,* 338 B.R. 330 (Bankr. E.D.Tenn.2006); *In re Nicely,* 349 B.R. 600 (Bankr.W.D.Mo.2006); *In re Evans,* 349 B.R. 498 (Bankr.E.D.Mich.2006); *In re Pool,* 351 B.R. 747 (Bankr.D.Or.2006); and *In re Bayless,* No. 06–31517, 2006 WL 2982101 (Bankr.E.D.Tenn.2006).

The court in *In re Osborn* offered the following:

> The language of the hanging paragraph is clear. It provides that "[f]or purposes of paragraph (5), section 506 shall not apply" to a secured claim if the creditor is a hanging paragraph creditor. There is no ambiguity in this provision: if you are a hanging paragraph creditor, § 506 does not apply to your claim, and a plan cannot provide for bifurcation of it.... [T]his plain language does not differentiate, in any way, between the options provided in paragraphs (B) and (C) of § 1325(a)(5). Thus, in order to prevail, [a creditor] must show that literal application would either be contrary to congressional intent or would produce an absurd result.

*Osborn*, 348 B.R. at 504.

██ Congress articulated without qualification in the hanging paragraph that § 506 does not apply for purposes of § 1325(a)(5) to "910 creditors." However, is there a distinction between the scenario where a debtor retains possession of the vehicle and proposes to pay for it through the Chapter 13 plan compared to the scenario where a debtor proposes to surrender the vehicle to the secured creditor. The language of § 506(a)(1) provides significant insight, to-wit:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

On an earlier occasion, this court had an opportunity to address this issue in a case styled *In re Hollis*, No. 06–11256, in which an order was entered October 12, 2006, to the effect that the debtors' surrender of their vehicle to their "910 creditor" fully satisfied that creditor's claim. This court concluded that the debtors would not be liable for any deficiency to the creditor should a deficiency actually materialize.

At the time of the *Hollis* decision, this court had found only one contrary decision, *In re Duke*, 345 B.R. 806 (Bankr. W.D.Ky.2006), but declined to follow that court's analysis. In addition, neither the secured creditor nor the debtors addressed the language appearing in § 506(a)(1), recited hereinabove. Subsequently, this court has seen two cases which support AmeriCredit's view that it is entitled, even after a vehicle has been surrendered, to the payment of a deficiency claim by the Chapter 13 debtor: *Dupaco Community Credit Union v. Zehrung (In re Zehrung)*, 351 B.R. 675 (W.D.Wis.2006), and *In re Particka*, 355 B.R. 616 (Bankr.E.D.Mich. 2006). The reasoning in *Particka* is particularly compelling, to-wit:

> On the other hand, the surrender of collateral changes the parties' interests in the property and consequently the impact of § 506(a). As explained earlier in this opinion, 506(a) applies by its terms only to "an allowed claim of a creditor secured by a lien on property *in which the estate has an interest*...." 11 U.S.C. § 506(a) (emphasis added).
>
> ....Accordingly, upon confirmation of a Chapter 13 plan providing for surrender under § 1325(a)(5)(C), the estate no longer has an interest in the collateral.

By rendering § 506 inapplicable to § 1325(a)(5), the hanging paragraph did work a change in the law with respect to 910 creditors, but only with respect to debtors who retain the collateral securing their debt. Because § 506 does not apply to a vehicle surrendered under § 1325(a)(5)(C), the specific direction of the hanging paragraph that § 506 no longer apply to § 1325(a)(5) does not cause any change in the outcome where a debtor surrenders a vehicle under § 1325(a)(5)(C) to a 910 creditor and the estate no longer retains an interest in such vehicle. While it might have been more precise for the hanging paragraph to state that as to 910 creditors § 506 no longer applies to § 1325(a)(5)(B), because that was all it has ever applied to, the effect of the hanging paragraph's statement that § 506 no longer applies to § 1325(a)(5) creates the same result. The result is that a debtor cannot retain a 910 vehicle under § 1325(a)(5)(B) by paying a cram down value determined by the bifurcation process of § 506. That is a significant change. But the hanging paragraph causes no change when a debtor surrenders a vehicle to a 910 creditor under § 1325(a)(5)(C). Prior to BAPCPA, § 506 did not bifurcate a secured creditor's claim upon surrender, nor does it do so post-BAPCPA. Upon surrender, the 910 secured creditor still is entitled to enforce its right to payment and, after disposition of the collateral, that right to payment can still be filed and allowed as an unsecured deficiency claim under § 502. There is nothing in the hanging paragraph that somehow disallows an unsecured deficiency claim of a 910 creditor whose debt was a full recourse obligation under non-bankruptcy law and whose depreciated collateral has been surrendered to it by a Chapter 13 debtor under § 1325(a)(5)(C).

The Court recognizes that the weight of authority is in favor of the Debtors' position. It is tempting to follow the trend. But on close inspection, those cases seem to proceed from the incorrect assumption that it is only somehow because of § 506 that an under-secured 910 creditor has a right to pursue a deficiency claim. For example, in *In re Ezell,* 338 B.R. 330 (Bankr.E.D.Tenn. 2006), the court stated that "[b]ecause application of § 506(a) is entirely removed from the picture, there can be no deficiency balance, either secured or unsecured, and surrender satisfies an allowed secured claim in full." *Id.* at 342.

The only two published cases to date that have rejected the Debtors' position are *In re Duke* and *In re Zehrung.* The court in *Duke* did so based on its conclusion that the hanging paragraph is ambiguous. *In re Duke,* 345 B.R. 806, 809 (Bankr.W.D.Ky.2006) (citation omitted). From there, the *Duke* court looked to legislative history for guidance. Acknowledging that the legislative history was "not expansive," the *Duke* court nonetheless found that it did not support the position of the debtors in that case. *Id.* However, as explained earlier in this opinion, the Court does not consider the hanging paragraph to be ambiguous. Therefore, resort to even the scant legislative history that exists is unnecessary.

The *Zehrung* court reached the same conclusion as Duke but took a different path to get there. *Dupaco Community Credit Union v. Zehrung (In re Zehrung),* 351 B.R. 675 (W.D.Wis.2006). First, the court observed that the phrase " 'allowed secured claim' in § 1325[a](5) is used in the sense that the claim is allowed under § 502 and secured by some collateral, not in the § 506 sense of the term." *Id.* at 677–78.

The *Zehrung* court then explained that [a] creditor taking possession of collateral does not depend upon § 506 to determine the value of its unsecured claim. Section 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender. Rather, when collateral is surrendered pursuant to § 1325[a](5)(C) the amount of the remaining unsecured claim is determined by state law, uniform commercial code sections 9–610 to 9–624. The creditor's rights being unmodified by § 506, it is entitled to its state law right to liquidate the collateral and retain an unsecured claim for the balance due.

*Particka,* 355 B.R. at 624–26.

■ Having now considered the analysis in *Particka,* this court is convinced that its earlier ruling in *Hollis* was erroneous. Once the debtor surrenders the vehicle and it no longer is considered a part of the bankruptcy estate, § 506 has no application. As such, if the secured creditor, after regaining possession, then liquidates the vehicle in a commercially reasonable manner, that creditor is entitled to file an amended claim to reflect the amount of the unsecured deficiency. This deficiency must then be treated by the debtor in the Chapter 13 plan in the same manner as other unsecured claims. It is no longer a secured claim, nor is it a priority claim. This is the identical result that would have occurred prior to the enactment of BAPCPA. Once the vehicle ceases to become a part of the debtor's bankruptcy estate, the entire dynamic of the "hanging paragraph" changes because of the language found in § 506(a)(1).

### IV.

Because of the reasoning set forth hereinabove, the court is of the opinion that the objection to confirmation filed by Ameri-Credit is well taken. Following the liquidation of the vehicle, AmeriCredit shall be permitted to amend its claim to reflect the unsecured deficiency balance. AmeriCredit, however, is admonished to liquidate the vehicle in a commercially reasonable manner. Thereafter, the debtor's plan must treat the deficiency claim in the same manner as other general unsecured claims.

### V.

Because of this decision, the order previously entered in the *Hollis* case on October 12, 2006, is hereby vacated. A copy of this opinion will be entered in the *Hollis* case superceding the effects of the aforesaid order.

A separate order, consistent with this opinion, shall be entered contemporaneously herewith.