# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 06-6061WM

In re:                                         *
                                               *
Nathan L. Osborn and                           *
Catherine C. Osborn,                           *
                                               *
            Debtors.                           *
                                               *
                                               *       Appeal from the United States
Capital One Auto Finance,                      *       Bankruptcy Court for the
                                               *       Western District of Missouri
            Plaintiff - Appellant,             *
                                               *
                v.                             *
                                               *
Nathan L. Osborn and                           *
Catherine C. Osborn,                           *
                                               *
            Defendants - Appellees.            *
                                               *

Submitted:  January 25, 2007
Filed: February 23, 2007

Before KRESSEL, Chief Judge, MAHONEY and McDONALD, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge

In the debtors' Chapter 13 case, Capital One Auto Finance ("Capital One") is the holder of a claim in the amount of $20,279.80, secured by a purchase money security interest in a 2003 Chevrolet pickup truck. The truck was purchased and the debt was incurred within 910 days prior to the filing of the bankruptcy petition. The debtors' Plan proposes to surrender the truck as full payment of the entire debt, leaving Capital One without an unsecured claim. Capital One objected to the Plan and the debtors objected to Capital One's claim. The matter was submitted on briefs and stipulated facts. The bankruptcy court[1] confirmed the Plan and allowed Capital One's claim as fully secured. Capital One appeals. We affirm.

On appeal, the bankruptcy court's legal conclusions are reviewed *de novo* and its factual findings are reviewed for clear error. Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997). In this case, the parties do not dispute the facts. The bankruptcy court's interpretation of a statute is a question of law. Martin v. Cox (In re Martin), 140 F.3d 806, 807-08 (8th Cir. 1998). When interpreting a statute, the appellate court looks to its express language and overall purpose. Id. (citing Graven v. Fink (In re Graven), 936 F.2d 378, 384-85 (8th Cir. 1991)).

The Bankruptcy Code at § 1322(b)(2) permits debtors to modify the rights of holders of secured claims, other than a claim secured by the debtor's principal residence.[2] Under § 1325, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the court "shall" confirm a plan if certain conditions are met.[3] Plan treatment of allowed secured claims is found in § 1325(a)(5), which provides:

---

[1]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

[2]11 U.S.C. § 1322(b)(2).

[3]11 U.S.C. § 1325(a).

(a) Except as provided in subsection (b), the court shall confirm a plan if —

. . . .

(5) with respect to each allowed secured claim provided for by the plan —

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that —

(I) the holder of such claim retain the lien securing such claim until the earlier of —

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if —

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder[.][4]

Following subsection (9) of § 1325(a) appears what has become known as the "hanging paragraph," which says:

---

[4]11 U.S.C. § 1325(a)(5).

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.[5]

Section 506 is the Code provision that bifurcates a secured creditor's claim into secured and unsecured portions, based on the value of the collateral.[6]

A Chapter 13 plan may treat secured creditors in one of three ways as described in § 1325(a)(5). Debtors may obtain acceptance of the plan from the creditor, surrender the collateral, or propose to keep the collateral and make deferred cash payments over the life of the plan that total not less than the allowed amount of the creditor's secured claim. If the plan proposes that the debtors shall keep the collateral and pay the creditor over time, and the creditor is not a "910-creditor," the debtors may bifurcate the claim into secured and unsecured portions, based on the value of the collateral, pay the secured portion over the life of the plan (with interest), and treat the unsecured portion of the claim in the same manner as other unsecured creditors.[7] According to the hanging paragraph, 910-creditors' claims may not be bifurcated. Instead, the allowed secured claim is the full amount that is owed to the creditor as of the date of the bankruptcy. To be confirmed, the plan must provide for payment of the full amount of such claim, with interest.

---

[5]11 U.S.C. § 1325(a)(*).

[6]11 U.S.C. § 506(a)(1).

[7]11 U.S.C. § 506(a).

4

The question presented to the bankruptcy court, and now to us, is whether the hanging paragraph applies when a debtor subject to its provisions chooses the option of surrendering the collateral under § 1325(a)(5)(C) instead of retaining the collateral under § 1325(a)(5)(B).  The bankruptcy court, along with the majority of courts that have dealt with this issue,[8] determined that the hanging paragraph does apply when the plan provides for surrender of the collateral, thereby treating the claim as fully secured for confirmation purposes under either § 1325(a)(5)(B) or (C).

The result of such determination is to equate surrender of the vehicle to full payment of the claim, denying Capital One an unsecured claim for any deficiency after it liquidates the claim by sale of the vehicle. During the bankruptcy case, by agreement, Capital One did sell the vehicle and received a net amount of $10,363.30. As a result, it asserts it has an unsecured deficiency claim of $9,916.50.

Capital One argues that the hanging paragraph does not apply because § 506(a) was not applicable to claims determined in cases where the plan provided for surrender of the vehicle under § 1325(a)(5)(C) of the Code as it existed prior to BAPCPA.  Capital One suggests that both under the prior version of § 1325(a) and under the current version there was then and there is now no reason to refer to the

---

[8]In re Moon, ___ B.R. ___, 2007 WL 214409 (Bankr. N.D. Ala. Jan. 26, 2007); In re Gentry, 2006 WL 3392947(Bankr. E.D. Tenn. Nov. 22, 2006); In re Turkowitch, ___ B.R. ___, 2006 WL 3346156 (Bankr. E.D. Wis. Nov. 16, 2006); In re Feddersen, ___ B.R.. ___, 2006 WL 3347919 (Bankr. S.D. Ill. Nov. 15, 2006); In re Maggett, 2006 WL 3478991 (Bankr. D. Neb. Oct. 19, 2006); In re Bayless, 2006 WL 2982101 (Bankr. E.D. Tenn. Oct. 18, 2006); In re Pool, 351 B.R. 747 (Bankr. D. Or. 2006); In re Evans, 349 B.R. 498 (Bankr. E.D. Mich. 2006); In re Nicely, 349 B.R. 600 (Bankr. W.D. Mo. 2006);  In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla. 2006); In re Payne, 347 B.R. 278 (Bankr. S.D. Ohio 2006); In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006).  The Sixth Circuit Court of Appeals has accepted a direct appeal on In re Long, 2006 WL 2090246 (Bankr. E.D. Tenn. July 12, 2006) (currently pending), a case in which the Tennessee court adopted the same view it first articulated in its Ezell ruling.

bifurcation provisions of § 506(a) when dealing with the surrender of collateral. It is the position of Capital One that under such a scenario, the creditor, upon surrender of the vehicle, would liquidate the claim by sale of the vehicle and apply the proceeds of sale to the claim, thereby extinguishing the secured claim. Such sale would be pursuant to state law procedures and the balance remaining after the liquidation of the collateral, if any, would be a deficiency claim under state law. In the bankruptcy context, the deficiency claim, originally determined under state law and not under § 506(a), would be allowed as an unsecured claim in the Chapter 13 case.

The position taken by Capital One is consistent with the reasoning used by a minority of courts which have determined that the hanging paragraph is not applicable to plans in which the debtors propose to surrender the vehicle.[9] For example, in In re Particka, ___ B.R. ___, 2006 WL 3350198 (Bankr. E.D. Mich. Nov. 17, 2006), the court stated:

> The hanging paragraph's declaration that § 506 no longer applies to 910 creditors under § 1325(a)(5) only causes a change in the law to the extent that pre-BAPCPA § 506 ever had any application to § 1325(a)(5). If a pre-BAPCPA debtor retained a vehicle and proposed to pay the creditor's allowed secured claim under § 1325(a)(5)(B), then § 506 applied to determine the amount of that allowed secured claim by reference to the value of the vehicle because the estate has an interest in the retained vehicle. The application of § 506 in permitting a debtor to retain a vehicle under § 1325(a)(5)(B) by paying only the cram down value is now barred, at least as it applies to 910 creditors. Payment of the cram down amount and retention of the vehicle is no longer permissible with respect to 910 creditors.

---

[9]Dupaco Cmty. Credit Union v. Zehrung (In re Zehrung), 351 B.R. 675 (W.D. Wis. 2006); In re Morales, ___ B.R. ___, 2007 WL 92414 (Bankr. N.D. Ill. Jan. 11, 2007); In re Hoffman, ___ B.R. ___, 2006 WL 3813775 (Bankr. E.D. Mich. Dec. 28, 2006); In re Particka, ___ B.R. ___, 2006 WL 3350198 (Bankr. E.D. Mich. Nov. 17, 2006); In re Duke, 345 B.R. 806 (Bankr. W.D. Ky. 2006).

On the other hand, the surrender of collateral changes the parties' interests in the property and consequently the impact of § 506. As explained earlier in the opinion, § 506(a) applies by its terms only to "an allowed claim of a creditor secured by a lien on property *in which the estate has an interest . . . .* " 11 U.S.C. § 506(a) (emphasis added) .

. . . .

If the estate has no interest in the property that secures a claim, there is no reason to use the valuation process of § 506 to determine the amount of the secured claim. Once the estate has no interest in the property, a secured creditor is free to foreclose upon its security interest under applicable non-bankruptcy law and apply the proceeds of sale of the collateral to its claim. The creditor, of course, still retains its right to an allowed unsecured deficiency claim against a debtor under § 502 of the Bankruptcy Code if the debtor remains liable for the deficiency under applicable non-bankruptcy law.

2006 WL 3350198, at *8-9.

In contrast, the court in In re Gentry, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006), explained the majority view as follows:

The argument that Pre-BAPCPA § 506(a) had no application to surrender under Pre-BAPCPA § 1325(a)(5)(C) is misplaced. Valuation of a creditor's allowed secured claim under pre-BAPCPA § 506(a) was "determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a) (2004). Upon surrender under Pre-BAPCPA § 1325(a)(5)(C), liquidation value was clearly the yardstick by which the allowed secured claim was determined, while, for cramdown purposes under Pre-BAPCPA § 1325(a)(5)(B), replacement value was the criteria. *See Assoc. Commercial Corp. v. Rash*, 520 U.S. 953, 117 S. Ct. 1879, 13 L. Ed. 2d 148 (1997).

. . . .

The decisions in *Zehrung* and *Particka* were based on the proposition that "[s]ection 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender." *In re Zehrung*, 2006 WL 3059908, *3; *see also In re*

*Particka*, 2006 WL 3350198, *10 (quoting *Zehrung*). However, as previously discussed, the pre-BAPCPA version of § 506(a) was not limited to the retention scenario. By its terms, it plainly addressed both the retention and surrender situations since "value [of a secured creditor's collateral and thus the amount of its allowed secured claim] [was] to be determined in light of the purpose of the valuation and the proposed disposition or use of such property . . . . " 11 U.S.C. § 506(a). This language remains unchanged by the BAPCPA amendments.

In re Moon, ___ B.R. ___, 2007 WL 214409, at *3-4 (Bankr. N.D. Ala. Jan. 26, 2007) (quoting Gentry at *6-7).

The majority courts find that the hanging paragraph is not restricted to being applicable only to § 1325(a)(5)(B). The hanging paragraph does not exclude any of the sub-paragraphs of § 1325(a)(5). Had Congress intended to exclude § 1325(a)(5)(C) from the reach of the hanging paragraph, it would have been simple to do so. The majority courts also have correctly analyzed the applicability of § 506(a) in pre-BAPCPA cases of collateral surrender under § 1325(a)(5)(C). The allowed unsecured claim comes into being not because of the sale pursuant to state law, but because, when § 506(a) is applied, the value of the collateral, whether determined by estimation for use under § 1325(a)(5)(B) or by surrender and eventual liquidation for use under § 1325(a)(5)(C), is less than the debt. See also In re Fabian, 951 F.2d 1149, 1151 (9th Cir. 1991); In re Mason, 315 B.R. 759, 761-62 (Bankr. N.D. Cal. 2004); In re Barclay, 275 B.R. 275, 279-80 (Bankr. N.D. Ala. 2001). These are pre-BAPCPA cases applying § 506(a) when the debtor surrendered the collateral under § 1325(a)(5)(C) or § 1225(a)(5)(C), its Chapter 12 equivalent. The hanging paragraph prohibits the application of § 506(a), thereby eliminating the statutory vehicle for creating an unsecured claim.

At least one court in the minority, In re Zehrung, 351 B.R. 675 (W.D. Wis. 2006), also premised its holding on the legislative history of BAPCPA. Specifically, the Zehrung court noted that because Congress placed the hanging paragraph in § 306

8

of BAPCPA entitled "Giving Secured Creditors Fair Treatment in Chapter 13," Congress could not have meant to delete a secured creditor's right to an unsecured claim for any deficiency in the hanging paragraph. Id. at 678. Such a conclusion rests upon resort to legislative history and speculation as to the policy determinations Congress may have made and ignores the plain language of the statute. The Supreme Court, in United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S. Ct. 1026, advises that when the statutory language is plain, the sole function of the court is to enforce it according to its terms, and in Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A. (In re Henhouse Interstate, Inc.), 530 U.S. 1, 120 S. Ct. 1942 (2000) the Court has determined that if statutory language is clear, there is no need to speculate concerning what bankruptcy policy goals Congress may have intended. Hartford, 530 U.S. at 13-14.

The bankruptcy court correctly concluded that the plain language of § 1325(a)(5) and the hanging paragraph mandate that, as a matter of law, a secured creditor of the kind described in the hanging paragraph has a secured claim for the full amount due as of the date of filing of the petition, regardless of whether the debtor intends to retain the collateral or to surrender it. That being the case, Capital One is not entitled to a deficiency claim even though the collateral sold for less than the debt.

The discussion above is applicable only in a Chapter 13 case and concerns only the allowance of the secured claim for confirmation purposes. Such allowance is a result of not applying § 506. However, for other purposes, for example if the case were to be converted to Chapter 7, § 506 would apply and the claim could be revisited under § 502(j).

———————————