**In re Gerald R. VANDUYN, and Kathryn H. Vanduyn, Debtor(s).**

**No. 9:06–BK–07486–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Aug. 30, 2007.

Edward R. Miller, Gregory Champeau, Richard J. Hollander, Miller and Hollander, Naples, FL, for debtors Gerald R. and Kathryn H. VanDuyn.

## ORDER ON DEBTORS' OBJECTION TO CLAIM NUMBER 1 OF THOR CREDIT (Doc. No. 33)

ALEXANDER PASKAY, Bankruptcy Judge.

**THE MATTER** under consideration in this Chapter 13 case of Gerald R. and Kathryn H. VanDuyn (Debtors) is an Objection to Claim Number 1 of Thor Credit, filed by the Debtors on April 13, 2007 (Doc. No. 33). The Debtors, in their Objection, claim that on or about February 12, 2007, Thor Credit Corporation (Creditor), filed a bifurcated Proof of Claim, asserting a secured indebtedness in the amount of $234,710.00, and an unsecured liability in the amount of $22,861.98, based on a purchase money security interest in a 2005 American Tradition M–42R motor home, VIN # 4ZBT1J9X5C050296 (Motor Home). It is the Debtors' contention that their Chapter 13 Plan contemplates the surrender of the Motor Home in full and final satisfaction of the debt owed to the Creditor. Furthermore, it is the contention of the Debtors that since they purchased the Motor Home on or about June 20, 2005, prior to filing their voluntary Petition under Chapter 13 of the Bankruptcy Code, the transaction falls within the anti-modification of claim provision set forth in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). This provision is found in the unnumbered paragraph following Section 1325(a)(9) of the Bankruptcy Code, and has come to be called the "Hanging Paragraph." Thus, the Debtors contend that no deficiency claim is allowed pursuant to this section of the Code.

In response, the Creditor contends that the Hanging Paragraph contained in Section 1325 does not allow a debtor to surrender a vehicle in full satisfaction of the creditor's claim, thereby precluding an unsecured deficiency claim. Furthermore, it is the contention of the Creditor that Section 506 of the Bankruptcy Code is not applicable and, therefore, Section 502 of the Code controls the allowance and disallowance of claims and the objection is without merit and should be denied.

The relevant facts leading to the Debtor's Objection to Claim Number 1 of Thor Credit may be summarized as follows.

The Debtors filed their Chapter 13 Petition on December 29, 2006, after the effective date of BAPCPA. Prior to filing their Petition, on or about June 20, 2005, the Debtors financed the purchased of the Motor Home, which is pledged as collateral for the purchase-money debt owed to Creditor. The Creditor's lien was perfected on July 18, 2005, in accordance with Florida Statute § 319.27 (2005). The debt owed to the Creditor for the purchase of the Motor Home was incurred within the 910–day period preceding the Debtors' filing their Chapter 13 Case and the Motor Home was acquired by the Debtors for their personal use.

As noted above, on February 12, 2007, the Creditor filed its Proof of Claim alleging that it is the holder of a Claim in the amount of $234,710.00, secured by a purchase-money security interest in the Motor Home and the value of the collateral being $234,710.00. In addition to the secured claim, the Creditor further contends that it is the holder of an unsecured claim in the amount of $22,861.98. On February 27, 2007, the Creditor filed its Motion for Relief from Stay requesting this Court to grant relief and permit the Creditor to take possession of the Motor Home, or in the alternative, enter an order requiring the Debtors to provide adequate protection (Doc. No. 20). On February 28, 2007, this Court entered its Order on Creditor's Motion for Relief from Stay (Doc. No. 21). This Court in its Order noted that an Order Establishing Procedures for Adequate Protection was entered, and based on the same, denied the Creditor's Motion, and determined that the Creditor would be adequately protected and instructed the parties to comply with the Order Establishing Procedures. On March 12, 2007, the Creditor filed its Response to this Court's Preliminary Order on Motion for Relief from Stay and requested the Court to set the matter for hearing (Doc. No. 23). The matter was duly set for hearing and on April 18, 2007, this Court entered its Order granting the Creditor's Motion for Relief from Automatic Stay (Doc. No. 35). The Order granting relief specifically stated that: 1) the Creditor was permitted to repossess or enforce its security interest in the Motor Home; 2) the Order was entered for the sole purpose of allowing the Creditor to obtain an *in rem* judgment against the Motor Home; and 3) the "Creditor shall not seek an *in personam* judgment against the Debtors."

On April 13, 2007, the Debtors filed their Objection to Claim Number 1 of Thor Credit (Doc. No. 33), which is the matter currently before this Court. As noted above, the Debtors' Plan proposes to surrender the Motor Home in full and final satisfaction of the entire debt, leaving the Creditor without an unsecured claim. The Creditor in due time filed its response denying the contentions raised by the Debtors in their Objection, and requested this Court to set the matter for preliminary hearing. At the duly scheduled and noticed hearing on the Debtor's Objection to Claim Number 1 of Thor Credit, this Court heard extensive argument by the counsel for the Debtors and also counsel for the Creditors.

The extensive argument and post-hearing submissions by the parties did not address the Objection to the Claim but focused their arguments on the interpretation of the BAPCPA Amendment of Section 1325, particularly the unnumbered Hanging Paragraph and its interplay with Section 506 and, indirectly, Section 502 of the Code. Thus, it is evident that while it is not pled, the ultimate issue is not the allowability of the Claim, which issue has been foreclosed by the entry of an Order granting the relief from the automatic stay, but the confirmability of the Chapter 13 Plan in which the Debtor seeks to treat the claim as fully secured and as satisfied by the surrender of the collateral.

■ Therefore, the ultimate issue before this Court has been well discussed and debated among many bankruptcy courts, several bankruptcy appellate panels. In the case of *In re Roth,* 2007 WL 1385383, 2007 Bankr.LEXIS 1647, (N.D.In. May 4, 2007), the court noted that "[a]s of last count—by a margin of 3–to–1—the vast majority of reported cases favor the position taken in this case by both the debtors and the Chapter 13 trustee: that the 910 car creditor can, through the confirmation of a proposed plan, be compelled to accept the surrender of its collateral in full satisfaction of its claim." *Id.,* 2007 WL 1385383, *1, at *3 (citations omitted).

The majority view is that the Hanging Paragraph of Revised Section 1325 is unambiguous and eliminates Section 506 bifurcation in all 910 cases. Based on the majority view, a debtor can surrender a 910 vehicle in full satisfaction of their indebtedness to the creditor and, therefore, no deficiency claim is allowed. *See, e.g., In re Osborn,* 348 B.R. 500 (Bankr.W.D.Mo. 2006) aff'd, 363 B.R. 72 (8th Cir.BAP2007); *In re Pinti,* No. 06–35230, 363 B.R. 369 (Bankr.S.D.N.Y.Mar.13, 2007); *In re Evans,* 349 B.R. 498 (Bankr.E.D.Mich.2006); *In re Ezell,* 338 B.R. 330 (Bankr.E.D.Tenn.

2006); *In re Brown,* 346 B.R. 868 (Bankr. M.D.Fla.2006); *In re Sparks,* 346 B.R. 767 (Bankr.S.D.Ohio 2006); *In re Rice,* 2007 WL 541809 (Bankr.E.D.Tenn.2007); *In re Quick,* 2007 WL 1941749 (10th Cir.BAP (Okla.)).

The minority courts, while expressing contrary conclusions, have held that the creditor is entitled to assert an unsecured deficiency claim in a Chapter 13 plan and cannot be compelled to take a surrender of the vehicle in full satisfaction of the claim. *See In re Price,* 366 B.R. 389 (Bankr. M.D.Pa.); *In re Clark,* 363 B.R. 492 (Bankr.N.D.Miss.2007); *In re Morales,* 359 B.R. 211 (Bankr.N.D.Ill.2007); *In re Blanco,* 363 B.R. 896 (Bankr.N.D.Ill.2007); *In re Hoffman,* 359 B.R. 163 (Bankr. E.D.Mich.2006); *In re Particka,* 355 B.R. 616 (Bankr.E.D.Mich.2006); *In re Zehrung,* 351 B.R. 675 (W.D.Wis.2006); *In re Duke,* 345 B.R. 806 (Bankr.W.D.Ky.2006); *In re Leaks,* 2006 Bankr.LEXIS 3673 (Bankr.N.D.Ga.2006)

The minority courts have reviewed pre-BAPCPA practices and have concluded that the Hanging Paragraph does not apply when the vehicle is surrendered by the debtor because prior to BAPCPA, Section 506(a) was applicable only when a claim was crammed down to the value of the collateral and, therefore, only applies if the vehicle is retained by the Debtor. *See In re Moon,* 359 B.R. 329 (Bankr.N.D.Ala.); *In re Particka; In re Zehrung.*

The minority view expressed their conclusion in rejecting the debtors' position in the cases of *In re Particka* and *In re Zehrung.* The court in the case of *In re Particka* concluded that "[u]pon surrender, the 910 creditor is still entitled to enforce its right to payment and, after dispositions of the collateral, that right to payment can still be filed and allowed as an unsecured deficiency claim under § 506." *In re Particka* at 625. The court in the case of *In*

*re Zehrung* reached the conclusion that "[s]ection 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender." *See In re Zehrung* at 677–78; *see also In re Particka* at 625–27 (quoting *Zehrung* ).

In support of the minority view, the Creditor finds solace in the recent decision of the Seventh Circuit Court of Appeals in the case of *In re Wright*, 492 F.3d 829 (C.A.7 (Ill.)). To support its decision, the court in *In re Wright* adopted the specific findings made by the Supreme Court in the case of *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The Supreme Court held that state law determines rights and obligations when the Code itself does not supply a federal rule and, therefore, unless the Code states otherwise, the rights under state law apply. *Wright* holds that "[c]reditors don't need § 506 to create, allow, or recognize security interest, which rest on contracts . . . rather than federal law." *In re Wright*, 492 F.3d at 833. The Seventh Circuit held that "[b]y surrendering the car, debtors gave their creditor the full market value of the collateral. Any shortfall must be treated as an unsecured debt. It need not be paid in full, any more than the [debtors'] other unsecured debts, but it can't be written off *in toto* while other unsecured creditors are paid some fraction of their entitlements." *Id.*

The difficulty with the reasoning of the minority should be evident concerning the plain language of the Hanging Paragraph, which states that not only is the Hanging Paragraph applicable to Section 1325(a)(5)(B) of the Code, it also applies to Section 1325(a)(5). Therefore, the Hanging Paragraph expressly precludes the application of Section 506(a) of the Code by a 910 creditor to effectively bifurcate its claim into secured and unsecured. Furthermore, the Hanging Paragraph plainly addressed the retention and surrender situations since the "value [of a secured creditor's collateral and thus the amount of its allowed secured claim] [was] to be determined in light of the purpose of the valuation and the proposed disposition of use of such property . . . ." 11 U.S.C. § 506(a).

■ As noted in the case of *In re Roth*, "[C]ongress has given Chapter 13 debtors explicit permission to modify the rights of creditors holding secured claims, except those with liens encumbering the debtor's principal residence. See, 11 U.S.C. 1322(b)(2)". *Id.*, 2007 WL 1385383, *3, at *10. The *Roth* court further concluded that "[i]f Congress wanted to exempt 910 car creditors from having their rights modified, it certainly knew how to do so. Not only has Congress not done so, but the Supreme Court has recognized that 'by allowing Chapter 13 debtors [the opportunity to deal with] collateral over the objection of secured creditors . . . the Code has reshaped debtor and creditor rights in marked departure from state law.' " *Id.*, 2007 WL 1385383, *3, at *10–11, citing *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 964, 117 S.Ct. 1879, 1886, 138 L.Ed.2d 148 (1997). Based on the foregoing, the court relying on *Rash* noted, "the confirmability of a debtor's proposed plan must be measured by the [express] requirements of the Bankruptcy Code . . ." which includes the unnumbered Hanging Paragraph which is part of the confirmation requirements " . . . and not what the creditor's rights might be outside of bankruptcy." *Id.* at *3, at *11.

The Hanging Paragraph was part, although not specifically identified by a subclause of § 1325, which sets forth the conditions and the requirements to obtain the confirmation of a Chapter 13 plan. The legislative history of the Hanging Paragraph is not very helpful. Although, when one considers its application in the overall

scheme of a Chapter 13 case, it leaves no doubt that the majority view is more supported by BAPCPA then that of the minority view, which apparently contends that it has no application when the collateral is surrendered. Legislative history made it clear that it was not designed only to weed out the unwarranted use of the "easy way out" by using Chapter 7, but also a desire to promote the use of Chapter 13. The provision of the Hanging Paragraph, no doubt, was designed to advance the desire of debtors to obtain relief under Chapter 13. Revised Section 1325 provides that recently acquiring a motor vehicle shall not have a negative impact on a debtor's ability to obtain confirmation by permitting secured parties to assert an *in personam* deficiency claim in the case.

■ As noted above, it is the contention of the Creditor that Section 502 governs the allowance of the claim, and identifies specific claims which are disallowed. The Creditor argues that the validity and enforceability of a claim is determined by non-bankruptcy law citing the case of *In re Particka, citing Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). However, this Court notes that the argument of the Creditor is misplaced since Section 502, as amended by BAPCPA does not mention the fully secured status of a retained 910–day collateral. Furthermore, the Creditor's contention that state law controls and it is entitled to assert an unsecured deficiency claim is also without merit. The Bankruptcy Code is federal law that preempts state law where such law is in conflict. *See Pacific Gas and Elec. Co. v. State Energy Resources Conservation and Dev. Comm'n,* 461 U.S. 190, 204, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983); *see also In re Durham,* 361 B.R. 206, 209–10 (Bankr.D.Utah 2006)(rejecting the arguments of both *Particka* and *Zehrung* "that state law has always governed deficiency claims where debtor surrenders collateral"); *In re Nich-*

*ols,* 440 F.3d 850, 854 (6th Cir.2006)(stating that "Bankruptcy laws have long been construed to authorize the impairment of contractual obligations."); *In re Brown,* 346 B.R. 868, 876 (Bankr.N.D.Fla.2006)(holding that, "there is nothing inappropriate about bankruptcy laws affecting a creditor's right to recover under state law" and creditors' rights "are curtailed in may ways once the debtor files bankruptcy."); *In re Steakley,* 360 B.R. 769 (Bankr.E.D.Tenn.2007)(the court expanded upon *Ezell,* holding that the Bankruptcy Code preempts state law with respect to modification of creditors' rights, and § 1325(a)(5)(C) thus, stating that the Hanging Paragraph leaves no avenue for a creditor to claim a deficiency balance under state law or the Uniform Commercial Code).

Recently, in the case of *In re Lanier,* 372 B.R. 727 (Bankr.M.D.Pa.2007), the debtor's confirmed plan indicated he would pay the creditor outside of the plan and the pre-petition arrearages through the plan. After the debtor's plan was confirmed, the creditor moved for relief from stay alleging the debtor had failed to maintain his post-petition payments. Subsequent to the order on relief being entered, the creditor repossessed and sold the vehicle and filed an amended proof of claim for the deficiency. Thereafter, the debtor filed a motion to modify his plan and requested the court to modify his plan for the sole purpose of treating the repossession as the debtor's surrender in full satisfaction of the creditor's claim. The creditor objected to the debtor's modification, arguing that the deficiency claim existed prior to the effective date of BAPCPA and, therefore, the Handing Paragraph in the revised § 1325(a) did not prevent it from asserting such claim. The creditor argued that it had a property right in the deficiency claim and that it was protected by the Fifth Amendment.

In *Lanier*, the court allowed the debtor to surrender his vehicle in full satisfaction of the debt following the confirmation of the plan. The court noted that, "[t]he parameters of the Fifth Amendment as described by *Pinti* and *Quick* courts are not new." *Id.* at 731. The court looked to two U.S. Supreme Court cases decided in 1935. The U.S. Supreme Court held that "[u]nder the bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the States, it is not prohibited from impairing the obligation of contracts." *Id.* at 731. (quoting *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589, 55 S.Ct. 854, 79 L.Ed. 1593 (1935)). The U.S. Supreme Court reinforcing its decision in the case of *Louisville Joint Stock Land Bank v. Radford* held that "Contracts may create rights of property, but when contracts deal with a subject matter which lies within the control of Congress, they have a congenital infirmity. Parties cannot remove their transactions from the reach of dominant constitutional power by making contract about them." *Lanier* at 731. (quoting *Norman v. Baltimore & Ohio R.R. Co.*, 294 U.S. 240, 307–308, 55 S.Ct. 407, 79 L.Ed. 885 (1935)). Thereby, concluding that the federal bankruptcy laws may impair contractual obligations.

The *Lanier* court noted that the U.S. Supreme Court held in the case of *Wright v. Union Central Life Ins.*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938) that contracts are entered into "subject to the constitutional power in the Congress to legislate on the subject of bankruptcies.... Any purchaser at a judicial sale must purchase subject to the possibility of the exercise of the bankruptcy power in a manner consonant with the Fifth Amendment." *Lanier* at 731. (quoting *Wright*, 304 U.S. at 516, 58 S.Ct. 1025). The court in its correct interpretation of the Fifth Amendment stated that "[u]nder the *Wright* cases, preservation of the credi-

tor's lien to the *extent of the value of the collateral* is all that is required to survive Fifth Amendment scrutiny." *Id.* at 733. (emphasis added).

Accordingly, this Court is disinclined to follow the recent decision of the Seventh Circuit in *Wright* and is satisfied that the Hanging Paragraph of the revised Section 1325 of the Code, as amended by BAPCPA, permits debtors to surrender a motor vehicle in full satisfaction of a debt owed to the secured creditor and requires the creditor to forego the opportunity to take advantage of the provisions of Section 506 should the property be liquidated for less than the amount of the debt. This conclusion is consistent, in this Court's view, with the overall scheme of the entire structure of a Chapter 13 case as now established by BAPCPA and the Debtors may surrender their Motor Home to the Creditor in full satisfaction of the debt.

Based on the foregoing, it is the conclusion of this Court that the Hanging Paragraph of Revised Section 1325 of the Bankruptcy Code permits debtors to surrender their vehicle, as defined under Section 30102 of Title 49, in full satisfaction of the debt owed to the secured creditor. This Court is satisfied that the Debtors' Objection to Claim Number 1 of Thor Credit (Doc. No. 33) should be sustained. And, the Debtors may surrender their Motor Home to Thor Credit Corporation in full satisfaction of the debt.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Objection to Claim Number 1 of Thor Credit (Doc. No. 33) be, and the same is hereby SUSTAINED and the Claim as filed is disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Debtors are ordered to surrender the 2005 American Tradition

Motor Home to Thor Credit Corporation in full satisfaction of the debt as provided for in their Chapter 13 Plan.

DONE AND ORDERED.